## JOHN C. LAMB
### v.
## WILLIAM CAMPBELL ET AL.

MECHANICS LIEN—PARTIES.—Under section 28 of the Lien Law, as applied to liens created by trust deed, the *cestui que trust* is the real creditor intended, and to postpone his lien to that of the mechanic or material man, he must be made a party to the proceeding for the enforcement of the lien within the six months therein limited. Here the *cestuis que trust* were not so numerous nor so represented by the trustees as to bring the case within the recognized exception to the general rule.

ERROR to the Circuit Court of Cass county; the Hon. LYMAN LACEY, Judge, presiding. Opinion filed February 25, 1886.

Mr. T. C. MATHER, for plaintiff in error.

Mr. R. W. MILLS, for defendants in error.

PLEASANTS, J. Defendants in error, being severally holders of certain bonds of the Virginia Coal and Water Company,

secured by trust deed of its lands, shafts, machinery, etc., of December 1, 1883, in January, 1885, filed the bill herein against said company to foreclose said deed, making plaintiff in error a party defendant also.

He filed an answer setting up that under a contract with the company of October, 1883, he had furnished it certain machinery for the improvement and operation of its property, whereby he acquired a lien upon the same, which was prior to that of said trust deed, and at the August term, 1884, of the Cass County Circuit Court, he had obtained a decree declaring and establishing said lien, under which the property had been sold by the master and purchased by the respondent; to which answer there was a general replication, and thereupon the cause was referred to the master to take proofs.

By the record of the proceedings on the petition for a mechanic's lien, set up in said answer and produced in evidence, it appeared that for the machinery so furnished to the company the respondent had taken its promissory note, due April 1, 1884; that the petition was filed after said trust deed was recorded, and that while the trustees in said deed named were made parties to the proceeding, defendants in error, the *cestuis que trust*, were not.

Upon the hearing the court decreed that the lien of the defendants in error under the trust deed was prior to that of the plaintiff in error, even as to the material and machinery which had been furnished by him and become incorporated in the property of the company; and the single question presented upon the record is, whether this was error.

Section 28 of the Lien Law (Ch. 82 of R. S.) provides that "No creditor shall be allowed to enforce the lien created under the foregoing provisions, as against, or to the prejudice of any other creditor or incumbrancer or purchaser, unless suit be instituted to enforce such lien within six months after the last payment for labor or materials shall have become due and payable."

Under this section, as applied to liens created by trust deed, it has been repeatedly held that the *cestui que trust* is the real creditor intended, and to postpone his lien to that of the

mechanic or material man he must be made a party to the pro-ceeding for the enforcement of the lien within the six months therein limited. McGraw v. Bayard, 96 Ill. 146; Clark v. Manning, 95 Id. 580; Gaytes v. Franklin Savings Bank, 85 Id. 256; Scanlan v. Cobb, Ibid. 296; Dunphy v. Riddle, 86 Id. 22; Crowl v. Nagle, Ibid. 437; Ridenour v. Shideler, 5 Bradwell, 190; Phœnix Mut. L. Ins. Co. v: Batchen, 6 Id. 640.

This is according to the general rule of chancery practice, that all persons having an interest in the subject-matter of the suit to be affected by the decree should be made parties. Here the *cestuis qué trust* were not so numerous nor so represented by the trustees as to bring the case within the familiar excep-tion stated in Perry on Trusts, §§ 873–885, Freeman on Judg-ments, §§ 157–173, and recognized in Land Co. et al. v. Peck et al., 112 Ill. 435.

Decree affirmed.