FREDERIC G. CORSER *vs.* CHARLES F. KINDRED.

May 13, 1889.

**Mechanic's Lien—Judgment—Evidence.**—A decree enforcing a mechanic's lien *held* incompetent to prove the existence of the lien prior to the date of the decree, as against one holding a mortgage prior to that date, who was not a party to the action.

This action was brought in the district court for Crow Wing county, and tried before *Sleeper, J.,* who directed a verdict for defendant. The plaintiff appeals from the judgment.

*E. C. Chatfield,* for appellant.

*G. S. Fernald,* for respondent.

GILFILLAN, C. J. The action is in ejectment, the complaint alleging title in the plaintiff, and that the defendant wrongfully withholds the premises. The answer denies plaintiff's allegation of title, and alleges title in the defendant. On these pleadings the parties went to trial. On the trial it was stipulated that November 27, 1883, the then owners of the premises executed a mortgage thereon to defendant, and that, default having been made, he foreclosed the mortgage by advertisement, and became the purchaser at the sale, August 10, 1885; that there was no redemption; and that since August 10, 1886, defendant has been in possession. The plaintiff thereupon offered in evidence the record in an action commenced June 24, 1885, by the plaintiff against the former owner of the premises, (to which this defendant was not a party,) to enforce a mechanic's lien claimed by the complaint in that action to have accrued September 10, 1883, in which action judgment was rendered in favor of the plaintiff, adjudging the lien, and directing the sale of the land, and pursuant to which the land was sold, plaintiff becoming the purchaser, February 13, 1886. This was objected to by defendant as incompetent and immaterial, and the objection was sustained, and, no other evidence being introduced, the court below directed a verdict for defendant, and on the verdict rendered pursuant to such direction judgment for defendant was entered, and plaintiff appeals. There was no evidence of

the fact of the lien, and no offer to prove it, except by the record in said action. The fact that there was an adjudication of a lien in an action to which he was not a party, subsequent to the accruing of his interest, was, of course, immaterial, so far as the rights of the defendant were concerned, as much so as would have been a conveyance to plaintiff, or a lien acquired by him, subsequent to the defendant's mortgage; and certainly it is elementary that the record in that action was incompetent to establish the existence of a lien prior to the date of the decree. So far, then, as it may have been offered to prove a fact material in this action, to wit, the acquiring by plaintiff or the existence of a lien prior to defendant's mortgage, it was incompetent, and the only fact it was competent between the parties to prove, to wit, the existence of a lien from the date of the decree, was immaterial. The record does not present the question raised here by appellant, as to the *status* and character of the interest acquired by a purchaser under a decree enforcing a mechanic's lien, as against a purchaser upon a foreclosure by advertisement of a mortgage subsequent to the mechanic's lien, where no one representing the mortgage interest was a party to the action in which the decree was entered, and that question cannot be decided.

Judgment affirmed.

NOTE. In the case of *A. W. Henkle* v. *George W. Aldridge,* brought in the district court for Hennepin county, and tried by *Hicks, J.,* judgment was ordered and entered for defendant, and the plaintiff appealed.

*Byron Sutherland,* for appellant.

*Chas. J. Bartleson,* for respondent.

GILFILLAN, C. J. This case is identical in the question presented with *Corser* v. *Kindred,* (*supra,* p. 467,) just decided, and the decision must follow that case.

Judgment affirmed.