Bissell, J.,
delivered the opinion of the court.
The San Juan Hardware Company claims a lien on the *414 property of The Happy Jack Gold and Silver Mining Company for about $1,600. A suit was commenced on the 9th of November, 1892, in the county court of Ouray, to foreclose it. This suit went to judgment, whereby, according to the plaintiff’s contention, the lien was established and he acquired the right to file his present bill. The only averments respecting the lien, other than a narration of what the statement contained, are substantially that the Hardware Company sold goods, wares and merchandise to the Mining Company between the 1st day of June, 1891, and the 12th day of July, 1892. There is no attempt to state the kind of goods, the circumstances under which they were furnished, the purposes to which they were put, nor anything which would tend to show it to be possible for the Hardware Company to acquire a mechanic’s lien on the realty belonging to the mining corporation.
The pleader then proceeds to state that Russell, as trustee, has some sort of a title by a trust deed on the property to secure some mortgage bonds or other evidences of indebtedness, but states the plaintiff is advised that the indebtedness has been paid, and he requires that Russell be made a party and brought in and required to set up his lien, if he has any, or, in default thereof, that his lien be barred. The pleader does not otherwise than by this suggestion set up the character of Russell’s claim, the nature of the indebtedness which was to be secured, nor aver an absolute payment, or facts from which a payment would be presumed, nor state other facts on which, if proven, the court would have a right to adjudge the claim of The San Juan Hardware Company superior in right or prior in time to that of the trustee, Russell. In like manner, but with even more indefiniteness of statement, he^sets up that four or five other parties claim to have some interest in the premises by reason of asserted liens; but he does not state what the liens are, when they were acquired, in what form they exist, nor allege those matters which, if sustained, would show the claim of the Hardware Company to be superior to that of the persons named. *415 In a like indefinite fashion, and with like absence of averments requisite to the successful assertion of a priority of right as against them, he sets up an attachment by the Hendrie & Bolthoff Company, which, according to his complaint, has proceeded to judgment and sale, but in no manner does he allege the requisite particulars to establish the superiority of his own title or right. He likewise alleges that Carrothers claims a lien to secure notes and bonds of the company, and requires Carrothers to come in and set up what his title may he.
After all of these indefinite allegations respecting the claims of the defendants, the extraordinary relief of a judgment settling the status of all the lien claimants with reference to each other, and particularly with reference to the mechanic’s lien of the Hardware Company, is prayed. There is also a prayer for the foreclosure of this lien as against these other people. This is the only thing that saves the bill from absolute -wreck, and the only relief to which, under any circumstances, according to the allegations, the plaintiff could be entitled. The complaint was demurred to and the demurrer was overruled. The- demurrer should have been sustained. If the case had not gone off on some other theory than the one adopted by the court and on a defense ultimately put in by some of the parties, we should have no hesitancy in holding the complaint to be fundamentally bad. The defendants in error, however, do not raise the question by cross assignments of error, and since we can by astute and strained search find enough in the complaint to suggest an attempt to state the existence of a mechanic’s lien and facts on which the right to foreclose might he predicated, we do not propose otherwise than by this suggestion to attack its sufficiency.
All of the defendants answered who are concerned with this review and set up the nature of their own titles, and alleged, as a kind of “special defense,” if such it might be termed, the failure on the part of the Hardware Company to bring suit as against them to foreclose the lien within six *416 months from the time the statement was filed. The court regarded this as fatal to the action, and held the statute respecting the commencement of suits to enforce mechanics’ liens applicable to those cases wherein rights were asserted against the owner and the property, as well as where a foreclosure was sought against third persons claiming liens thereon. The plaintiff demurred to this portion of the answer, and the demurrer was possibly well taken, but the conclusion of the court on the general question was erroneous, and since the case went, off on that hypothesis, we feel under obligations to dispose of the case. Under other circumstances, we might possibly refuse to consider it at all.
This somewhat lengthy statement brings into plain view the radical difficulties with the plaintiff’s conception of the action. A right to maintain a suit to foreclose this lien against the claims of third persons will be conceded, and, so far as may be, sustained. But, manifestly, according to the bill, the plaintiff was without any right to file such a complaint, and call on the defendants to come in and set up their liens, when the complaint contained no statement whatever to show a right or title superior to theirs, or any right or claim as against them by reason of what had been done. Although the Hardware Company had obtained a judgment against the mining corpoi’ation, and had the right to issue process and sell' the realty and acquire whatever title they might thereunder, and might possibly thereafter have brought suit to remove the apparent clouds cast by the outstanding liens, there was a complete neglect to proceed to this extent.' The Hardware Company were simply the owners of a judgment which, as between them and the orvners of The Happy Jack Gold and Silver Mining Company, established a lien against the realty in favor of the creditors who sold the goods. Such a condition does not, according to any principle to which our attention has been called or with which we are familiar, give the Hardware Company the right to maintain a suit to marshal the liens. This may sometimes exist where two creditors have claims on the same fund and on different funds, *417 whereby the one having a claim on two funds may be compelled to resort to that on which the first has no claim and exhaust it before coming in on the other. Neither does the situation entitle the plaintiff to maintain what is well known as a “ bill quia timet ,” or a bill of peace, or the analogous one to remove a cloud upon a title. There seems to be no recognized ground of equitable jurisdiction which would permit the filing of a bill like that which is before us. As has been suggested, however, it may possibly contain the elements of a bill to foreclose a lien as against these third parties. Assuming it to be such, the bill may be maintained and the proper relief obtained on sufficient proof of the facts which must exist to entitle the plaintiffs to recover. Of course, the plaintiff would be bound to allege all the matters which would establish a right to file a lien claim in exact and literal compliance with the statute as against these other lien claimants, and the acquirement of a right superior and prior in time to those possessed by the defendants.
Therefore, the only question which remains respects the proposition on which the court below, as we conceive, erred in its attempt to settle the rights of the parties.
In the allegations of the answers respecting the failure of the plaintiff to bring suit to foreclose the lien as against the defendants within six months from the time the statement or claim was filed in the proper office, there are, of course, some matters which can be made the proper subject of a defensive plea. It is probably true these affirmative matters were legitimate inferences from the complaint itself, and the question could just as well have been raised without the plea as with it. Since, for prudential reasons, the defendants saw fit to aver this specific fact, we may take the pleadings as presenting the issue on whidh the court expressed its opinion when it sustained the demurrer. The opinion of the court is set out in the abstract, whereby we are enabled to get at the real reason assigned for the ruling. The trial court undoubtedly held the lien claimant obligated to bring suit against third persons who might claim liens on the property *418 within the time which the statute prescribes as a condition to the maintenance of lien rights against the owner. These conclusions do not seem to harmonize with the statute. There is a wide difference between the classes of persons to whom the right to obtain a mechanic’s lien has been extended in later times, and those which could acquire such rights under the earlier legislation, as well as marked differences in the methods of procedure and in divers limitations contained in the different acts. Liens are almost coequal with the terrir torial organization. In the. earlier times, and as far down as the revision of 1868, the actions were essentially chancery suits, and governed by the general rules which controlled that class of suits, and there was a specific provision conferring upon the court power to permit amendments and to order brought in, if .the plaintiff failed to bring them in of his own accord, ¿11 persons who had any interest in the property. The first definite prescription respecting parties is found in the act of 1876. Under section 5 of the act passed that year, all persons interested in the property must be made parties defendant. This is the precise provision of the statute, and, of course, the rights of the lien claimant being subject to that condition, it must have been strictly observed to secure what was granted by the act. In this direction and in almost its terms, the act of 1876 was closely analogous to the Illinois statute, which has for a long time prevailed in that jurisdiction, and from which many of our laws have been taken. Under the Illinois act, the creditor is not allowed to" enforce his. lien to the prejudice of any other creditor or incumbrancer, unless he observe the limitation and bring his suit within the specified period. The act of 1876, however, was materially changed, and, as it now exists, appears in the General Statutes of 1883, sections 2151 and 2152. According to that act no lien claim shall hold the property longer than six months after, etc., unless an action be commenced within that time to enforce it. Taken by itself, this would seem to be a sweeping clause, which might possibly be held broad enough to necessitate the commencement of a suit against *419 all persons to be affected by the foreclosure. The following section — 2152—removes any question respecting it. It designates what persons shall be made parties. According to the latter section, all persons who have filed lien statements and who claim liens by virtue of the act are bound to be brought in. Under the very well established doctrine, “ ex-pressio unius est exclusio alterius,” the expression of the necessity to make lien claimants parties excludes any idea that the legislature intended by the preceding section to compel the claimant, in order to establish his rights, to bring a suit wdthin the time limited against third persons who were interested in the property. A very strong argument is likewise found in the difference between the earlier and later legislation on this subject. We likewise find a subsequent section in the same act which expressly preserves to the plaintiff any other remedy which he may have under the general law. Section 2161, General Statutes.
The only case to which we have been referred by either side which bears on the question seems to sustain the court in its conclusions. De La Vergne Refrig. Mach. Co. v. Montgomery Brew. Co., 57 Fed. Rep. 111.
The appellees rely very much on a case recently decided by this court, — Johnston v. Bennett, 6 Colo. App. 362. This certainly contains soma expressions which seem to support their views. It was not, however, the intention of the court to pass directly on the proposition involved in the present litigation, and what was said by the learned jurist who wrote the opinion was written with reference to the specific litigation then in hand. That suit only concerned the irregularities which had obtained in the inception and enforcement of a mechanic’s lien on several distinct pieces of property in Pueblo. The case turned on the facts which existed as to the title and the attempt on the part of the claimant to get a blanket lien on four different pieces of property belonging to four separate persons on a contract made with one, which resulted in a judgment .enforcing the entire lien on one unfortunate owner. There was a trust deed on the prop *420 erty, which had been foreclosed, and the plaintiff had become the owner of that title, and a suit was brought to remove the cloud created by the judgment enforcing the liens. The judgment very correctly resolved the various questions against the lien claimants, and the discussion which occurs in the latter part of the opinion respecting the rights of the lien claimant as against the holder of the title on a trust deed or a subsequent transferee very properly held the trustee as well as the cestui que trust indispensable parties if any rights were sought to be enforced against them. The opinion cites the Illinois cases, which undoubtedly hold the suit must be brought against third persons who claim liens by independent contracts within the time expressed in the act, otherwise the right of enforcement is gone. This, taken in connection with the failure to limit the decision with exactness to the case in hand, led the court into possibly a seeming position of inexactitude in expressing its conclusions. But whatever discrepancy there may be between the two cases, the present decision is to be taken as our matured conclusion respecting the proper construction of the statute. The precise matter was not argued in that case, nor was our attention called to the difference in the statutes of Illinois and Colorado, nor to the question of the proper construction of the sections now under consideration. The present suit involves the exact point, the question has been very elaborately and carefully argued, and we must agree with the appellant in his conclusions.
The very radical defects in the complaint which were discussed at the commencement of the opinion will be corrected in the lower court when the case goes back for a new trial. The plaintiff should be compelled to amend and to state all the facts showing the company’s right to enforce a lien on the property, the steps taken with reference to its initiation under the statute, its claim and contentions respecting the liens of the persons selected as defendants, that a sharply defined issue may be presented in the complaint *421 and the respective answers of the rights and interests of all the persons. The only relief to which the plaintiff is entitled, if any, is for the foreclosure of his lien as against such of the defendants as have claims and liens which are inferior in right and subsequent in time to his own, obtaining as to such the proper decree. Should it transpire that his lien is found to be maintainable, and that some of the claimants whom he makes defendants are prior in right and in time, the only relief which he can obtain against them, if any, is the right to redeem and satisfy these prior claims. This right may not exist, but it would be the only one which could be asserted against the prior lien.
For the error committed in overruling the demurrer to the defendants’ answer on the pleadings as they then stood, the case must be reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed.