JAMES MONROE ET AL., APPELLEES, V. CHARLES E. HANSON ET AL., IMPLEADED WITH W. J. COOPER & COLE BROS., APPELLANTS.

FILED FEBRUARY 4, 1896. NO. 6043.

1. Review: EVIDENCE. The findings of a trial court which are sustained by sufficient evidence will not be disturbed on appeal to this court.

2. Vendor and Vendee: POSSESSION: NOTICE. Possession of real estate is ordinarily notice of a claim of right, and is notice to all the world of the rights or interest the person holding possesion may have in the property over which it is exercised.

3. Judgments: PARTIES. It is a general rule that an adjudication in an action affects only those who are parties to the action, or in privity with them.

4. Limitation of Actions: MECHANICS' LIENS. An action in which it is sought, as the relief demanded by the plaintiff or a cross-petitioner, to foreclose a mechanic's lien against the rights or interest of any person in the property covered thereby must have been commenced within two years from the date of filing the lien, or it is barred, so far as the right to foreclose the lien is concerned, by limitation.

APPEAL from the district court of Buffalo county. Heard below before HOLCOMB, J.

The opinion contains a statement of the case.

*Lamb, Ricketts & Wilson,* for appellants:

The title of Nora M. Jones was litigated by Moore & Jones in the name of Robert A. Moore and Charles E. Hanson, and she is bound by the decree of this court in the former case. (*Tarleton v. Johnson,* 25 Ala., 300; *Claflin v. Fletcher,* 7 Fed. Rep., 851; *Burns v. Gavin,* 118 Ind., 320; *Parr v. State,* 17 Atl. Rep. [Md.], 1020.)

The suit in which the decree of foreclosure of the mechanic's lien of appellants was rendered was properly brought against the person holding the legal title of record of this property, and if other persons are afterwards discovered to own or have an interest in the property they may be foreclosed in equity whenever their interest is discovered. (*Galpin v. Abbott,* 6 Mich., 17; *Child v. Baker,* 24 Neb., 188; *White v. Denman,* 1 O. St., 110; *Parret v. Shaubhut,* 5 Minn., 258; *Tate v. Lawrence,* 11 Heisk. [Tenn.], 503; *Pringle v. Dunn,* 37 Wis., 464; *Carter v. Champion,* 8 Conn., 549; *Isham v. Bennington Iron Co.,* 19 Vt., 230.)

If a deed to a purchaser of an equity of redemption has not been duly recorded at the time of the bringing of the bill, such purchaser is not a necessary party so far as to render the proceedings invalid in any event; and he is not a necessary party even unless he shows affirmatively that at the trial that was had the plaintiff had either actual or constructive notice of the conveyance of the property before suit brought. (*Leonard v. New York Bay Co.,* 28 N. J. Eq., 192; *Kipp v. Brandt,* 49 How. Pr. [N. Y.], 358; *Woods v. Love,* 27 Mich., 308; *Aldrich v. Stephens,* 49 Cal., 676; *Houghton v. Kneeland,* 7 Wis., 244*.)

If the nominal holder of the equity of redemp-

tion or the holder of an equitable title is not made a party in a suit of foreclosure, he may be proceeded against in a subsequent suit and his interest foreclosed. (*Merriman v. Hyde,* 9 Neb., 113; *Dodge v. Omaha & S. W. R. Co.,* 20 Neb., 276.)

*R. A. Moore, contra.*

HARRISON, J.

This is an action instituted May 7, 1891, by James Monroe to foreclose a mortgage on lot 371, in Kearney, Buffalo county, Nebraska. Charles E. Hanson, Nora M. Jones, W. J. Cooper & Cole Bros., and some others were made defendants. W. J. Cooper & Cole Bros. filed a cross-petition in which it was pleaded that they, between the 1st day of October, 1886, and the 1st day of January, 1887, pursuant to a contract entered into with Charles E. Hanson, the owner of the lot described, furnished the material and placed in a brick building, then in process of erection thereon, the necessary apparatus or appliances for heating the same by steam, and on January 31, 1887, filed and perfected a lien upon the premises for the balance due them on account, $523; that one Walter Knutzen, who had a mechanic's lien on the premises involved in the present action, commenced suit to foreclose it June 4, 1887, in which W. J. Cooper & Cole Bros. were made parties and filed a cross-petition on June 27, 1887, asking a foreclosure of their lien, which was denied them in the trial court, but in an appeal to this court the decree was reversed and they were accorded a foreclosure. Their petition in the case at bar prayed the establishment of their lien as a first and prior one, and its foreclosure. To this

answer and cross-petition Nora M. Jones of defendants pleaded that on the 7th day of January, 1887, by purchase from R. A. Moore, then owner of the premises involved in this suit, she became the owner and immediately assumed possession of them, and has at all times since retained the ownership and possession; that the deed to her of the property bore date of January 8, 1887, and was recorded June 7, 1887, and that no action had ever been commenced against her to foreclose the lien of W. J. Cooper & Cole Bros., nor had its foreclosure ever been sought in any action in which she was a party; that more than two years have elapsed since their lien was filed, and any action for its enforcement is barred by limitation. The trial court decided the issues between W. J. Cooper & Cole Bros. and Nora M. Jones in favor of Mrs. Jones and rendered a decree accordingly, from which the lien-holders have appealed to this court.

It appeared in the trial of the present case, and is undisputed, that on June 4, 1887, Knutzen commenced an action to foreclose a mechanic's lien on the premises involved in the case now under consideration; that appellants herein were parties to that action, filed their cross-petition to foreclose their lien, were defeated in the trial court, but on appeal to this court were successful and obtained the relief sought. Nora M. Jones was not made a party to the Knutzen suit, nor was she served with process therein. The premises involved were transferred by Charles E. Hanson to R. A. Moore, and by Moore to Mrs. Jones prior to the time the Knutzen case was commenced.

At the time the property was so transferred,

and continuing to and including the time of the pendency of the Knutzen suit, E. B. Jones, the husband of Nora M. Jones, was in partnership with R. A. Moore in the law and real estate business, and it is claimed for appellants that the evidence discloses the purchase of this property from Hanson for the partnership, and that the conveyance to Mrs. Jones was not to her in her own right, but in trust for her husband, and that he, although not appearing on the record in the Knutzen case as a party thereto, was the real party interested, and litigated his rights and as against this particular lien through the names and defenses of R. A. Moore and Charles E. Hanson, both parties to that suit, and, having so proceeded, is bound by the judgment therein. We need not further discuss this contention than to say that the facts established by the testimony warranted the trial court in finding that the property was sold to Nora M. Jones by Moore and conveyed to her not in trust for her husband, but as her individual and separate property, and this finding being sustained by sufficient evidence, will not be disturbed.

It is contended by counsel for appellants that "the suit in which the decree of foreclosure of the appellants' mechanic's lien was rendered was properly brought against the person holding the legal title of record of this property, and that if other persons are afterwards discovered to own or have an interest in the property, they may be foreclosed in equity whenever their interest is discovered;" also, "if a deed to a purchaser of an equity of redemption has not been duly recorded at the time of the bringing of the bill, such party is not a necessary party so far as to render the proceed-

ings invalid in any event, and he is not a necessary party even unless he shows affirmatively that at the trial that was had the plaintiff had either actual or constructive notice of the conveyance of the property before suit brought;" and further, "if the nominal holder of the equity of redemption or the holder of an equitable title is not made a party in a suit of foreclosure, he may be proceeded against in a subsequent suit and his interest foreclosed." The evidence disclosed that Mrs. Jones purchased the property January 7, 1887; that it was conveyed to her by deed dated January 8, 1887, but which was not recorded until June 7, 1887, or three days subsequent to June 4, 1887, the date of the commencement of the first action, or the Knutzen case, by which name we have designated it to distinguish from the case at bar. The deed of conveyance from Moore to Mrs. Jones was not, or could not be, produced at the trial of the case and the record of the same was introduced. On the margin of the page of the book in and on which it was copied appeared the following statement:

" Original instrument was presented for correction on November 30, 1892, and the record was corrected by adding the name of H. C. Andrews as a witness thereto.  H. H. SEELEY,
" *County Clerk.*"

It is urged for appellants that it appeared from this that the record of the conveyance, as it existed on June 7, 1887, was of a deed which was not properly executed and was not notice of the rights of the grantee; that "the registration of a deed defectively executed is not notice." If the recitals of this entry on the margin of the page of the book in which the deed was recorded can properly be

said to be evidence of anything, they would seem to indicate that in recording the instrument the clerk had omitted the name of the witness and it had been presented for the purpose of having the correction made, the omission supplied, and probably the failure of the officer to properly record the instrument could not be allowed to prejudice the rights of the party presenting it for record. We need not decide this question, however, but may pass it without expressing our opinion, as it was fully established by the evidence that Mrs. Jones, when she purchased the property, immediately entered into the possession thereof and was in possession of it and collecting the rents at the time the Knutzen suit was commenced and the cross-petition of W. J. Cooper & Cole Bros. was filed therein, and during and after its pendency and trial. The continued possession of Mrs. Jones was notice to all the world of her rights in the premises (*Lipp v. South Omaha Land Syndicate*, 24 Neb., 692); and if either the plaintiff or cross-petitioner desired to affect her rights by the decree and judgment in the action, she should have been made a party to and brought into the suit, and as it was not done, she was not bound or her interests affected by it. It is the general rule that no person can be affected by any judicial proceedings to which he is not a party, and a judgment takes effect only between the parties and gives no rights to or against third persons. (1 Freeman, Judgments, sec. 154.) So a foreclosure is only effectual against those interested in the title who were parties. (2 Ballard's Annual on the Law of Real Property, sec. 547; 2 Jones, Mortgages, secs. 1397-1406; *Merriman v. Hyde*, 9 Neb., 113.) "A person who is not a party to a suit

Monroe v. Hanson.

ordinarily is not bound by the adjudication, nor is a suit deemed commenced against one until he is made a party to it." (*Grcen v. Sanford*, 34 Neb., 366; *Dodge v. Omaha & S. W. R. Co.*, 20 Neb., 276.)

In reference to the right to institute the action against a person not a party to the prior suit, in which foreclosure of a mechanic's lien was sought, or in a subsequent action as a cross-petitioner, to litigate the rights of such person and foreclose the lien as to the interest of such person in the property affected thereby, it may be said that the subsequent action in which the foreclosure of the lien is demanded, either by the lien-holder as plaintiff or as cross-petitioner, must be commenced within the life of the lien, or within two years after the time of its filing.    The lien of W. J. Cooper & Cole Bros. was filed January 31, 1887. The suit in which they filed their cross-petition praying that the lien be established against the rights of Nora M. Jones was not commenced until May 7, 1891, more than four years after the lien was filed, and the right of action thereon as to her or her interest in the property was barred by limitation. (*Squier v. Parker*, 56 Ia., 409; *Green v. Sanford*, 34 Neb., 363; *Burlingim v. Cooper* 36 Neb., 73; *Pickens v. Polk*, 42 Neb., 267; *Ballard v. Thompson*, 40 Neb., 529.) The judgment of the district court is

AFFIRMED.