## No. 8624.

### HAWKINS, ET AL., *v.* GRISHAM, AS SHERIFF, ET AL.

Decided January 7, 1918.

Action by claimants under a trustee's deed, to enjoin the execution of a sheriff's deed to the same property under a mechanic's lien decree. Judgment for defendants.
*Reversed.*

1. MECHANIC'S LIEN—*Action to foreclose—Parties.* Under sec. 4035 R. S. 1908, specifying who shall be made parties in an action to foreclose a mechanic's lien, all persons claiming of record any interest in the premises must be made parties, notwithstanding some of them may have acquired their interest subsequent to the time the lien attached.

*Error to the District Court of Las Animas County, Hon. A. Watson McHendrie, Judge.*

Mr. BERNARD A. GOW, Mr. A. E. MCGLASHAN, for plaintiffs in error.

Mr. JESSE G. NORTHCUTT, Mr. E. B. UPTON, for defendants in error.

*En banc.*

MR. JUSTICE HILL delivered the opinion of the court.

ON September 1, 1908, Joseph Albo commenced the construction of a building on the lots in controversy then owned by A. & R. Lopresto. On April 19, 1909, there was executed by the Loprestos and recorded a deed of trust on the property to secure payment of their $5,500 note to A. I. Lindsey. On June 25, 1909, Albo filed for record his mechanic's lien statement. On September 28th, following, the Loprestos executed a second deed of trust on the property to secure the payment of their $800 note to Lindsey, recorded same date. On January 14, 1910, Albo filed his complaint in the district court to enforce his lien making the Loprestos only defendants. On February 3d, following Loprestos conveyed the property to Charles Lopresto, which deed was recorded February 5th. Summons was issued in the Albo suit February 9, 1910, and was personally served on the defendants February 17th following. On May 20, 1910, judgment was rendered in favor of Albo, decreeing a mechanic's lien and ordering sale. On December 8th following, a lien judgment was obtained in the same court by one Bonal as plaintiff against A. & R. Lopresto, A. I. Lindsey, and the public trustee of Las Animas County, as defendants. This lien was for materials furnished in the construction of this building. It was decreed to have priority over both deeds of trust, and sale under it was ordered. On February 20, 1911, the property was sold by the public trustee under the second deed of trust to McGlashan for $1,105. On December 7th following, a trustee's deed was executed on this sale, recorded December 8th, conveying the property to the plaintiffs in error, Hawkins and McGlashan, the latter having assigned

to the former a half interest in the certificate. They thereafter bought the first deed of trust for the amount due, viz., $6,217.60, and had it released of record. They also paid the Bonal judgment in the sum of $570, and had it satisfied of record. On October 27, 1913, the defendant Grisham, as sheriff, sold the premises to the defendant Clerici under the Albo mechanic's lien decree for $1,033.12, and issued certificate of purchase therefor. Hawkins and McGlashan had no actual notice of the Albo lien, judgment, or sale when they purchased at the foreclosure sale or when the trustee's deed was issued to them. This suit was brought by them to enjoin the execution of the deed by the sheriff to Clerici. The court found that the building was completed about August 1, 1909, and less than six months prior to January 14, 1910, when Albo commenced his action; that the lien evidenced by his judgment and sale thereunder was prior in time and superior in law and equity to the deed of trust through which the plaintiffs claim; that the Albo judgment, etc., did not divest the plaintiff's title, but that to perfect it they must redeem from the Albo sale, also that they acquired no additional equities by having discharged of record the Bonal judgment or the first deed of trust.

Section 4034, Revised Statutes 1908, provides that:

"No lien claimed by virtue of this act shall hold the property longer than six months after the completion of the building."

Section 4035 provides that:

"The owner or owners of the property to which such lien shall have attached, and all other parties claiming of record any right, title, interest or equity therein, whose title or interests are to be charged with or affected by such lien, shall be made parties to the action."

The contention is that the trust deeds and the Bonal lien were of record when the suit was brought, and that the claimants thereunder should have been made parties defendants in the Albo suit; that as they were not, their interest in the property was not affected by it, and that

as section 4035, *supra,* provides that no lien shall hold the property longer than six months after the completion of the building, that the lien cannot be recognized as valid against them in a suit brought along after the six-month period had expired; that in this respect, the statute making them necessary parties, they stand in the same position as the owner.

The defendants in error claim that subsequent or junior incumbrancers, although of record at the time the suit is brought to enforce the lien, are not indispensable or necessary parties in order to establish the validity of the lien against the property, or to thereafter have it recognized as valid against them in another action brought after the six-month period would have expired as against the owner had the former suit against them never been instituted. We cannot agree with this latter contention. The result would be to ignore the statute, which says that all such of record shall be made parties. In this respect, it differs from our former acts, the last of which provided that: "The owner of the property of which such lien shall have attached shall be made a party to the action."

The case of *San Juan Hardware Co. v. Carrothers,* 7 Colo. App. 413, 43 Pac. 1053, relied upon does not sustain the defendants in error's contention. In commenting upon the six-months' limitation clause then in force, the court (7 Colo. App. at page 418, 43 Pac. at page 1055) says:

"Taken by itself, this would seem to be a sweeping clause, which might possibly be held broad enough to necessitate the commencement of a suit against all persons to be affected by the foreclosure. The following section (2152) removes any question respecting it. It designates what persons shall be made parties. According, to the latter section, all persons who have filed lien statements and who claim liens by virtue of the act are bound to be brought in. Under the very well established doctrine, *'Expressio unius est exclusio alterius',* the expression of the necessity to make lien claimants parties excludes any idea that the legislature intended by the preceding section to compel the claimant,

in order to establish his rights, to bring a suit within the time limited against third persons who were interested in the property."

We agree with this conclusion, but instead of sustaining the defendants' contention it leads irresistibly to the contrary. Our present act provides that not only the owner, but other parties claiming of record any right, title, interest, or equity therein whose title or interest are to be charged with or affected by such lien, shall be made parties. By the reasoning in the opinion quoted from, it places other claimants of record in the same category as the owner, and other lien claimants were under the old statute concerning the six-month limitation.

The decree recognizes that the former judgment did not bind the interest of the plaintiffs in error, but holds that the lien itself was prior to their interest in point of time. In order to decide this question the court went into the facts upon which the lien judgment was based, and ascertained the date of the completion of the building, the date when the lien attached, the date of recording the deed of trust, etc.; for these purposes it ignored the lien judgment. It should likewise have been ignored in determining the six-month limitation period as between the parties to this action. This conclusion is supported by the following authorities: *Stoermer v. People's Savings Bank,* 152 Ind. 104, 52 N. E. 606; *Union National Savings & Loan Ass'n v. Helberg,* 152 Ind. 139, 51 N. E. 916; *Deming-Colborn et al. Co. v. Union Nat. S. & L. Ass'n,* 151 Ind. 463, 51 N. E. 936; *Goodwin v. Cunningham,* 54 Neb. 11, 74 N. W. 315; *Monroe v. Hanson,* 47 Neb. 30, 66 N. W. 12; *Green & Co. v. Sanford,* 34 Neb. 363, 51 N. W. 967; *Smith et al. v. Hurd et al.,* 50 Minn. 503, 52 N. W. 922, 36 Am. St. Rep. 661; *Hokanson v. Gunderson et al.,* 54 Minn. 499, 56 N. W. 172, 40 Am. St. Rep. 354; *Burbank v. Wright,* 44 Minn. 544, 47 N. W. 162; *Corser v. Kindred,* 40 Minn. 467, 42 N. W. 297; *Clark et al. v. Manning et al.,* 95 Ill. 580; *Lamb v. Campbell,* 19 Ill. App. 272; *Badger Lumber Co. v. Staley et al.,* 141 Mo. App. 295, 125 S. W. 779.

Several of the cases cited by the defendants in error do not sustain their position for the reason that the statutes under which they were decided did not provide that the other claimants should be made parties, hence the ruling was that the limitation period only applied to those which the statute said should be made parties. We are not impressed with the reasoning in *Gaines v. Childers,* 38 Or. 200, 63 Pac. 487, which appears to support the claim of the defendants in error. It overlooks the fact that mechanics' liens are creatures of statutes. When the act creating them provides that certain persons (easy to ascertain) shall be made parties to suits for their enforcement the courts are not at liberty to say that they are not necessary parties when their rights are in any manner to be affected. To sustain the defendants in error's contention would be to say that the institution of a suit not against a party in interest where the statute says he shall be made a party stays the running of a statute of limitations in his favor. We cannot subscribe to this conclusion. This ruling makes unnecessary any consideration of the other assignments.

The judgment will be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.