No. 13,128.

Stark Lumber Company et al. *v.* Keystone Investment Company.

(20 P. [2d] 306)

Decided February 14, 1933. Rehearing denied March 20, 1933.

260

Messrs. STARK & IRWIN, for plaintiffs in error.

Mr. OLIVER W. TOLL, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS is an action by defendant in error to quiet title to lots 26 and 27, block 109, Colfax Terrace, City and County of Denver, against plaintiffs in error, who essay

to justify in virtue of a decree in foreclosure of mechanics' liens.

It appears that one Bills owned the property, upon which he gave first and second trust deeds, running to the public trustee. All parties appear to recognize the seniority of the first trust deed. One Forer was the beneficiary in the second trust deed. Subsequently Bills conveyed the title to Trustee Company, a corporation, and Forer assigned the note secured by the second trust deed to Oliver W. Toll. During his ownership Bills made improvements on the property, out of which grew the claims of the mechanic lienors. Of parties defendant in the liens enforcement proceeding were Trustee Company, Forer, Toll, and the public trustee. The Keystone Investment Company, defendant in error here, was not a party in that action.

Toll assigned the Forer note to Keystone Company, and January 24, 1929, default obtaining, it demanded foreclosure of the trust deed given to secure the note. January 25, 1929, the public trustee filed and recorded notice thereof in the office of the county clerk and recorder, as required by chapter 173, laws 1925. The foreclosure proceeding continued regularly to conclusion, culminating in a trustee's deed to Keystone Company. January 30, 1929, plaintiffs in error commenced foreclosure of their mechanics' liens, but, as we have seen, did not make defendant in error a party. It seems, however, that for himself and Trustee Company, Toll, who is an attorney, actively participated in the liens trial, seeking to defeat or reduce the various liens claims, in which he largely failed, and to avoid personal liability for Trustee Company and himself, in which he succeeded. Because of such activity by Toll, coupled with his ownership of practically the entire stock issue of Keystone Company, plaintiffs in error urge that to all intents and purposes Toll may not be differentiated from the company, and that its title should be postponed to the liens foreclosure decree.

■■ The point is not without its appeal; but when we consider the record and pertinent statutory enactments, we are persuaded to the view of the trial judge that the recordation of the election and demand for sale by the holder of the second trust deed, the Keystone Company, was constructive notice that that company claimed an interest in the property which the lien claimants could ignore only at their peril. C. L. '21, §6452; *Howard v. Fisher,* 86 Colo. 493, 283 Pac. 1042; *Hawkins v. Grisham,* 69 Colo. 156, 170 Pac. 187. In addition to the record notice, and in further conformity with the act of 1925, formal notice of the Keystone Company foreclosure proceeding was mailed by the public trustee to each of the lien claimants within the time required by law, and since there was no showing to the contrary, the presumption is that the notice reached the several addressees in due course. *German National Bank v. Burns,* 12 Colo. 539, 21 Pac. 708; *Sherwin v. National Cash Register Co.,* 5 Colo. App. 162, 38 Pac. 392; *Breed v. First National Bank,* 6 Colo. 235; *Montelius v. Atherton,* 6 Colo. 224.

■■ The law gives lien claimants in the situation of plaintiffs in error six months from the time of the completion of the improvement within which to institute foreclosure, but if action be not brought within such time the lien is lost. C. L. '21, §6451. The record shows that the action was brought January 30, 1929, but apparently would have been timely if instituted by May 8, 1929. Considering that constructively the lienors were bound to note the claim of the Keystone Company as of January 25, 1929, or five days before they filed their complaint, and had actual notice thereof early in February, 1929, we do not think it may be said they were misled or deceived or lulled to their undoing. Without reference to the constructive notice, which preceded the actual notice by some ten days, the lienors had three months after receiving the latter notice within which to make the Keystone Company a party defendant. Assuming that Toll

owned the note which was the basis of the public trustee foreclosure at the time the liens were filed, was cognizant of the filings, and owned practically all the stock of the Keystone Company, still we think he would not be estopped to assign the note, or that the assignee would be precluded from asserting its rights through a recognized remedial method. The assignment was not inherently wrong. It was not secret in the sense that pursuant to the assignment, rights inimical to the lienors could have or did come to fruition other than after ample legal notice to them. It follows that fraud may not be imputed to Toll, and Keystone Company likewise must stand absolved.

 It is apparent that the parties to the liens foreclosure did not withhold from the court there the fact that the Keystone Company, although not a party, was interested in the subject of the litigation, and in recognition thereof the court in its decree made clear that such company's rights, and its liabilities as well, were not being determined. We quote from the decree the following: "It appearing from the evidence that on or about January 25, 1929, five days before the commencement of this action, the Keystone Investment Company, claiming to be the holder of the aforesaid note [Forer note], filed its notice of election and demand for sale with the public trustee, who duly recorded the same in the office of the recorder on the same day, it is expressly provided hereby that nothing in this decree shall have any effect upon the alleged rights and claims of the Keystone Investment Company, or of any of the parties hereto as against said Keystone Investment Company." We may not impute to the court the vain thing of inserting a saving clause which it intended should not save. Rather, we should say, it is our duty to give effect to this reservation, if apt, quite as much as to any other portion of the decree. The court meant that whatever remedies the Keystone Company had, not then necessary or proper to determine, should be saved to it. By the

saving clause the Keystone Company was given the ability to proceed as advised, unhampered by any general language employed in the decree. *Upjohn v. Ewing,* 2 Ohio St. 13; *Lutz v. Williams,* 84 W. Va. 216, 99 S. E. 440; *Hart v. Nonpareil Company,* 109 Ia. 82, 80 N. W. 217.

But plaintiffs in error urge that by the same token they are not precluded from asserting their rights as against the Keystone Company. Evidently the reservation was impartially drawn, but it may not be construed as establishing rights for either party. It operated to preserve remedies. Plaintiffs in error are embarrassed by the short statute of limitations in the mechanic liens enforcement provision. C. L. '21, §6451. The Keystone Company, on the other hand, having acquired legal title to the property in question, and being in possession, and not bound by the liens decree, and taking advantage of a pertinent reservation therein, brought a timely action to quiet its title, making the lien claimants parties defendant. The record considered, therefore, we have no choice but to conclude that as against the Keystone Company's title the plaintiffs in error are without defense.

The judgment is affirmed.

Mr. Justice Bouck not participating.

*On Petition for Rehearing.*

Mr. Justice Hilliard.

Plaintiffs in error say that assuming they may be without such right in relation to the real estate proper, under the statute they should at least be entitled to enforce their liens as against the improvements, the result of their labor and material. We are not deaf to their appeal, and not a little moved in sympathy. But, unfortunately, that which operates to defeat them generally, namely, failure to make defendant in error a party when

they sought to enforce and foreclose their mechanics' liens, works likewise in detail. The Supreme Court of Missouri, considering a similar situation, said: "Under the first quoted section, the priority of a mortgage on the *land* would still allow the mechanic lienor a priority over the *improvements* put upon the land, while by the terms of section 6711, a mechanic's lien would enjoy preference and priority both as to land and improvements over a subsequent mortgage. But whether the mechanic's lien have priority of the mortgage, or *vice versa,* the necessity for the lienor when proceeding to establish and to foreclose his lien (for the process is a *two fold* one) to make the mortgagee a party would seem to be obvious. * * * Take the case of a mortgagee who holds a mortgage on certain land; afterwards a building is erected thereon, and a lien paper is filed against the building. If that lien paper is in any sense invalid, or suit be not brought thereon in time, then the mortgagor becomes the absolute owner of the building, subject, however, to the rights of the mortgagee who has rights superior to those of the lien debtor, and, therefore, has a right to be heard when the mechanic's lienor attempts to establish his lien against the building or against both building and land and to foreclose the same; because, peradventure, he may be able to show invalidating facts, to wit, that the lien paper was not filed in time; that it was not properly itemized; or not properly authenticated; or suit not brought within the proper time. All these and other invalidating facts are open to the mortgagee, whether prior or subsequent, to prove. If he prove any one of them he defeats the establishment of the lien, and also its foreclosure. In order that he may do this, an opportunity to be heard is a *sine qua non,* and must be given him." *Russell v. Grant,* 122 Mo. 161, 173, 26 S. W. 958, 43 A. S. R. 563. See, also, *Bitter v. Mouat Lumber Co.,* 10 Colo. App. 307, 316, 51 Pac. 519, 522, 18 R. C. L. 982, 983, §126.

Nor are plaintiffs in error aided by the fact that

defendant in error could have intervened in the liens proceeding, and did not, for such step was not obligatory. *Hassall v. Wilcox,* 130 U. S. 493, 503, 9 Sup. Ct. 590, 32 L. Ed. 1001. "We know of no statute," says our Court of Appeals, "which requires the holder of a mortgage or deed of trust to come into a proceeding of this kind at any time unless brought in as a party in order to maintain his lien." *Bitter v. Mouat Lumber Co., supra.*

The petition for rehearing is denied.

MR. JUSTICE BOUCK not participating.

Decided February 14, 1933. Rehearing denied March 20, 1933.

Messrs. STARK & IRWIN, for plaintiffs in error.

Mr. OLIVER W. TOLL, for defendant in error.

