550 P.2d 892 (1976)
ROGERS CONCRETE, INC., a Colorado Corporation, Plaintiff-Appellee,
v.
JUDE CONTRACTORS et al., Defendants-Appellees, and
United Mortgage Company, Defendant-Appellant.
No. 75-646.
Colorado Court of Appeals, Div. III.
May 27, 1976.
*893 Robert A. Lehman, P. C., Denver, for plaintiff-appellee.
Carter & Brotzman, Ronald J. Brotzman, Boulder, for defendant-appellee A-1 Plumbing and Heating Co., Inc.
William E. Russell, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
United Mortgage Company (United) appeals from the trial court's determination that mechanics' liens asserted against certain real property by Rogers Concrete, Inc. (Rogers) and A-1 Plumbing & Heating Company (A-1), were superior to United's interest in the property. We reverse.
United's interest in the property is premised on a deed of trust executed by the owner of the property in United's favor. The deed of trust was recorded prior to the formation of contractual agreements under which Rogers and A-1 supplied labor and materials in the construction of a residence on the real property in question. After failing to receive compensation for the labor and materials supplied, both Rogers and A-1 filed lien statements in accordance with § 38-22-106, C.R.S.1973, but only Rogers instituted an action to enforce its lien within the six-month period established by § 38-22-110, C.R.S.1973. However, Rogers named only the owner and the principal contractor in its initial complaint, and neither United nor A-1 nor the public trustee were joined as defendants during the six-month period. Subsequently, after the expiration of the statutory period, Rogers filed an amended complaint which joined both United and A-1 as defendants.
The sole question to be answered here is whether Rogers' complaint against the owner and contractor within the statutory six-month period, followed by an amendment joining United and A-1 after the expiration of the statutory period, was sufficient to satisfy the requirements of § 38-22-110, C.R.S.1973, and preserve the enforceability of the claims of both Rogers and A-1. See Bulow v. Ward Terry & Co., 155 Colo. 560, 396 P.2d 232.
As to the attempt to join United, the procedure followed here was not in compliance with the statute. See § 38-22-111(3), C.R.S.1973; Stark Lumber Co. v. Keystone Investment Co., 92 Colo. 259, 20 P.2d 306; Hawkins v. Grisham, 69 Colo. 156, 170 P. 187. Johnson v. Bennett, 6 Colo.App. 362, 40 P. 847. See generally Annot., 8 A.L.R.2d 6. Cf. San Juan Hardware Co. v. Carrothers, 7 Colo.App. 413, 43 P. 1053. In order to establish whether the Rogers lien was superior to United's interest in the property under the recorded deed of trust, it was necessary that United be made a party to an action to enforce the lien within the six-month period provided in § 38-22-110, C.R.S.1973. This is true even though it required Rogers to make suitable inquiries regarding the existence of a prior encumbrance either prior to commencing performance under its contract, *894 see Tritch v. Norton, 10 Colo. 337, 15 P. 680, or preparatory to bringing an action to enforce its lien. Since United was not made a party within the six-month period, its interest in the property was not affected by the action and the lien was not valid against United. See Hawkins v. Grisham, supra.
As to A-1's lien, the trial court even more clearly committed error in determining that it was entitled to priority over United's mortgage, since its lien was specifically extinguished by statute when it failed to sue or be joined in an action to enforce a mechanics' lien within the six-month period. See § 38-2-110, C.R.S. 1973. The trial court therefore erred in adjudicating that the mechanics' liens asserted by Rogers and A-1 were superior to United's interest under the deed of trust.[1]
Judgment reversed.
SMITH and BERMAN, JJ., concur.
NOTES
[1] C.R.C.P. 15 is not an issue in this case since here we have specific legislation controlling this subject matter. C.R.C.P. 81.