570 P.2d 6 (1977)
William O. COX and Richard V. Muranaka d/b/a Sunshine Drywall and Decorating, Plaintiffs,
v.
BANKERS TRUST COMPANY, a New York Corporation, Defendant-Appellant, and
A. J. Steinbach, Contractor, Intervenor-Appellee.
No. 76-223.
Colorado Court of Appeals, Division III.
May 12, 1977.
Rehearing Denied May 26, 1977.
Certiorari Denied August 15, 1977.
*7 Morrato, Gueck & Colantuno, P. C., James J. Morrato, Denver, for defendant-appellant.
Towey & Zak, James J. Zak, Denver, for intervenor-appellee.
SMITH, Judge.
On this appeal, the sole issue before this court is whether intervention by a mechanic's lien claimant in a pending foreclosure action sought and granted after expiration of the six month statutory period vests the trial court with jurisdiction to decree foreclosure of that lien, and to assign it priority over a deed of trust recorded after the work for which such lien was asserted, had commenced. We hold that it does not and reverse.
The facts are undisputed. A. J. Steinbach, mechanic's lien claimant and intervenor herein, was a contractor who worked on a condominium project in Summit County. A deed of trust in favor of Bankers Trust was recorded after construction had commenced. Steinbach worked on and supplied materials for the project until June 1974. All construction ceased on July 8, 1974, with the result that construction on the condominium was never completed. Steinbach's mechanic's lien statement was recorded on September 8, 1974. The parties have stipulated that by the terms of § 38-22-109(7), C.R.S. 1973, as amended, the project was deemed to have been completed three months after discontinuance of all labor and provision of materials, in this case on October 8, 1974.
Lis pendens were filed and this action was timely commenced by other lien claimants to foreclose their previously recorded liens. A separate foreclosure action relating to the same construction project, in which a lis pendens was also recorded, was thereafter consolidated with the within action. Steinbach, who was not named in any of the lis pendens, nor made a party in either of the actions, moved and was granted leave to intervene in the consolidated action on May 27, 1975, nearly eight months after completion of the project. All mechanics' lien claims, with the exception of that of Steinbach, were disposed of prior to trial, and, at trial, Bankers Trust Company objected to Steinbach's intervention, thus preserving the issue for our consideration on appeal. Hickey v. Anheuser-Busch Brewing Ass'n, 36 Colo. 386, 85 P. 838. The trial court determined that Steinbach's intervention had been timely, decreed foreclosure, and concluded that his lien in the amount of $8,940.72, together with interest for $715.25 and costs of $171.12, had priority over the deed of trust.
This court's decision in Rogers Concrete, Inc. v. Jude Contractors, Colo.App., 550 P.2d 892, provides the basis for our reversal of the district court's decision.
There, a claimant, "A-1", properly recorded his mechanic's lien statement, but was not named as a party in a foreclosure action commenced by another lien claimant. "A-1" did not institute its own action nor did it seek intervention prior to the expiration of six months after completion of the structure. This court reversed the trial court's order upholding A-1's lien and stated:
"As to A-1's lien, the trial court . . committed error in determining that it was entitled to priority over United's mortgage, since its lien was specifically extinguished by statute when it failed to sue or be joined in an action to enforce a *8 mechanic's lien within the six month period. See § 38-22-110, C.R.S. 1973."
Here, Steinbach's position is identical to that of A-1. He was not joined as a party in either action brought by the other mechanics' lien claimants. He did not commence his own action within six months after completion. Section 38-22-110, C.R.S. 1973. Nor did he seek to intervene in an existing suit until May 27, 1975, which was more than six months after completion of the project on October 8, 1974, and after the filing of his lien on September 9, 1974.
This factual situation is clearly distinguishable from that in National Union Fire Insurance Co. v. Denver Brick & Pipe Co., 162 Colo. 519, 427 P.2d 861, upon which Steinbach relies. There, claimant's motion to intervene was made well within the six month statutory period following completion of the project, during which period claimant had the option to commence an action to enforce his lien, or to intervene in an already existing one. He chose the latter and his right to intervene was upheld. In contrast here, claimant Steinbach pursued neither course of action within the required time.
The fact that other claimants could have made Steinbach a party to their action does not expand the time in which he must take affirmative action if he wishes to enforce his lien. Rogers Concrete Inc. v. Jude Contractors, supra. To hold that Steinbach should be excused for his failure to seek foreclosure of his lien within the statutory period merely because a third party failed to join him in that party's action would be manifestly unjust, both to the property owner and to other lien claimants. Adoption of such a rule would shift claimant's responsibility to others, and by so doing would vest Steinbach with substantially greater rights than those of any other lien claimant, or indeed than those which he himself had acquired under the statute when he initially perfected his lien.
Judgment reversed.
RULAND and BERMAN, JJ., concur.