### No. 79SC107

**Franklin Contract Sales Co. v. First National Bank of Denver and Percy Wilson Mortgage and Finance Corporation**

(615 P.2d 684)

Decided August 18, 1980.

Stephen H. Diamond, for petitioner.

Towey & Zak, James J. Zak, for respondents.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *Amco Electric v. First National Bank,* 42 Colo. App. 124, 596 P.2d 70 (1979). We now reverse the judgment of the court of appeals.

Petitioner Franklin Contract Sales Company (Franklin), installed carpeting and draperies in a condominium project pursuant to an oral contract with the developer. Franklin completed the installation on December 26, 1974, and recorded its mechanic's lien on January 13, 1975. The project was deemed completed (abandoned) on March 23, 1975.[1]

Amco Electric Company (Amco) commenced a foreclosure action on its mechanic's lien on the same condominium project on December 3, 1974. Franklin filed a Motion to Intervene pursuant to section 38-22-

---

[1] Section 38-22-109(7), C.R.S. 1973 (now in 1979 Supp.), provides: "For the purposes of [the mechanic's lien statute] abandonment of all labor, work, services, and furnishings of materials under any unfinished contract or upon any unfinished building . . . shall be deemed equivalent to a completion thereof."

111(3), C.R.S. 1973, in the Amco action on August 21, 1975, within the six-month period for commencing an action to enforce a lien pursuant to section 38-22-110, C.R.S. 1973. The court did not grant the motion until October 27, 1975, after the six-month period had expired.

In February 1977, after hearing testimony and argument, a court-appointed Master held that Franklin's mechanic's lien was timely and valid, superior to the deeds of trust held by respondents. The Master concluded:

" . . . An action is commenced by the filing of a Complaint pursuant to Rule 3 of the Colorado Rules of Civil Procedure and the Master considers the filing of the Motion to Intervene as the equivalent of a Complaint. Since delays in docketing with the Court or other scheduling problems beyond the control of Franklin could affect the date upon which the said Motion was considered by the Court, the Master believes that the filing of the motion should be considered as the commencement of the action to enforce a mechanic's lien."

The trial court accepted those findings and entered judgment in favor of Franklin. The court of appeals reversed, holding that the mere filing of a motion to intervene within the six-month period is not sufficient to comply with the statutory requirements, but that the intervenor must also be joined by order of court within that period.

Section 38-22-110 provides in pertinent part:

"No lien claimed by virtue of this article . . . shall hold the property longer than six months after the last work or labor is performed . . . or after the completion of the building . . . unless an action has been commenced within that time to enforce the same . . . ."

Section 38-22-111 provides:

"(1) Any number of persons claiming liens against the same property and not contesting the claims of each other may join as plaintiffs in the same action; and when separate actions are commenced, the court may consolidate them upon motion of any party in interest or upon its own motion.

"(2) Upon such procedure for consolidation, one case shall be selected with which the other cases shall be incorporated; and all the parties to such other cases shall be made parties plaintiff or defendant as the court may designate in said case so selected. All persons having claims for liens, the statements of which have been filed as provided in this article, shall be made parties to the action.

"(3) Those claiming liens who fail or refuse to become parties plaintiff, *or for any reason* have not been made such parties, *shall be made parties defendant*. Any party claiming a lien within the period provided in section 38-22-109, may be allowed to intervene by motion, upon cause shown, and may be made a party defendant on the order of the court . . . ." (Emphasis added.)

■ The mechanics' lien law contemplates that all lien claimants be made parties to an action to foreclose. In this case, Franklin was not a lien claimant at the time Amco commenced its action and thus could not initially be joined in the action. However, within six months of the filing of its lien, Franklin sought to intervene as provided by subsection (3) of section 38-22-111. This court has stated that "[i]t is unmistakably clear that it was contemplated by the lawmakers that 'all persons having claims for liens' were to be made parties [in a single action], *if the statements have been filed*' within the statutory time." *Natl. Un. Fire v. Denver Brick,* 162 Colo. 519, 427 P.2d 861 (1967). (Emphasis added.)

■ The court of appeals, in determining that the mere filing of a motion to intervene was not sufficient when the motion was not granted within the six-month statutory period, relied on *Rogers Concrete, Inc. v. Jude Contractors,* 38 Colo. App. 26, 550 P.2d 892 (1976). We do not find the rationale of *Rogers,* as interpreted by the court of appeals in *Cox v. Bankers Trust Co.,* 39 Colo. App. 303, 570 P.2d 6 (1977), to be in conflict with the conclusion reached here. the *Cox* court specifically noted that the mechanic's lien claimant did not *seek* intervention prior to the expiration of the statutory six months. The *Cox* court also found that situation to be "clearly distinguishable" from *Natl. Un. Fire v. Denver Brick, supra,* in which the claimant's "motion to intervene was *made* well within the six month statutory period." (Emphasis added.) *Rogers, Cox* and *Natl. Un. Fire* all contemplate that time of the filing of the motion to intervene, and not the granting of the motion, is the critical date for determination of whether the intervention procedure is timely. We hold that the order of intervention properly relates back to the date of the filing of the motion to intervene in a mechanic's lien foreclosure action. Thus, in this case, the filing was well within the six-month statutory period.

The motion to intervene was accompanied by an answer, counterclaim, and cross-claim. The counterclaim served the same purpose in the pending case as a complaint would serve in an independent action to foreclose petitioner's lien. It would be an anomaly that, had petitioner chosen to commence an independent action on August 21, 1975, to foreclose his mechanic's lien, his action could not have successfully been challenged as being untimely, whereas his claim, having been asserted by the filing of a counterclaim in the pending case through the intervention process, could be successfully attacked as untimely.

■ To penalize a lien holder who has timely filed a motion to intervene, but whose motion was not granted within the statutory period because of docket congestion or otherwise, is not within the intent of the mechanic's lien statute. "[M]echanics' lien laws should be construed in favor of lien claimants." *Bankers Trust v. El Paso Precast,* 192 Colo. 468, 560 P.2d 457 (1977).

The judgment is reversed and the cause remanded to the court of appeals for determination of the other issues on appeal.