656 P.2d 1321 (1982)
Kenneth E. SCHLOSKY and Merlyn M. Schlosky, Plaintiffs-Appellants and Cross-Appellees,
v.
MOBILE PREMIX CONCRETE, INC., Defendant-Appellee and Cross-Appellant, and
Alan W. Buchanan d/b/a Mountain Flatwork, Defendant.
No. 82CA0288.
Colorado Court of Appeals, Div. I.
November 26, 1982.
*1322 Robert C. Ozer, P.C., Robert C. Ozer, Conifer, for plaintiffs-appellants and cross-appellees.
Thomas C. Seawell, Lois T. Levinson, Denver, for defendant-appellee and cross-appellant.
KELLY, Judge.
The plaintiffs, Kenneth E. and Merlyn M. Schlosky, appeal the judgment of the trial court dismissing their amended complaint for failure to state claims upon which relief could be granted. A judgment was entered against the defendant Buchanan, and he is not a party to this appeal. The defendant, Mobile Premix Concrete, Inc., cross-appeals the trial court's denial of its request for attorneys' fees under the provisions of § 13-17-101, C.R.S.1973 (1982 Cum.Supp.), and seeks attorneys' fees on appeal under § 13-17-103, C.R.S.1973 (1982 Cum.Supp.). We affirm.
The plaintiffs are seeking to recover for alleged abuse of process, slander of title, and outrageous conduct. Both their original and their amended complaints were dismissed by the trial court, and we agree that the amended complaint wrought no substantial change in the nature of the relief sought.
The gravamen of each claim is that the defendant filed a lien statement against the plaintiffs' property, that the six-month period allowed for foreclosure under § 38-22-110, C.R.S.1973, had elapsed without action by the defendant, and that the defendant's refusal to release the lien created a cloud upon the plaintiffs' title. The trial court ruled correctly that the plaintiffs' allegations failed to provide a basis for the relief sought.
A mechanic's lien is extinguished upon the claimant's failure to initiate an action within the statutory six-month period. Section 38-22-110, C.R.S.1973; Cox v. Bankers Trust Co., 39 Colo.App. 303, 570 P.2d 6 (1977); Rogers Concrete, Inc. v. Jude Contractors, 38 Colo.App. 26, 550 P.2d 892 (1976). There having been no notice of commencement of the action filed, there could be no cloud upon the plaintiffs' title. See Kalamath Investment Co. v. Asphalt Paving Co., 153 Colo. 109, 384 P.2d 938 (1963). Therefore, no basis exists for the plaintiffs' claims of abuse of process, Aztec Sound Corp. v. Western States Leasing Co., 32 Colo.App. 248, 510 P.2d 897 (1973); slander of title, McNichols v. Conejos-K Corp., 29 Colo.App. 205, 482 P.2d 432 (1971); or outrageous conduct, Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753 (1970).
We conclude, as did the trial court, that this action is not frivolous. Thus, the trial court did not err in denying the request of the defendant for attorneys' fees pursuant to § 13-17-101, C.R.S.1973. We also conclude that the defendant is not entitled to attorneys' fees under § 13-17-103, C.R.S.1973.
The judgment is affirmed.
COYTE and PIERCE, JJ., concur.