**Darryl K. PEARSON, Plaintiff,**

**Travelers Insurance Companies, Intervenor,**

**v.**

**NIAGARA MACHINE & TOOL WORKS, a foreign corporation; Chicago Steel Container, a foreign corporation; E. Porter Essley Corporation, a foreign corporation; and Owens–Illinois Incorporated Glass Container Division, a foreign corporation, Defendants,**

**Peter Kiewit Sons' Inc., Continental Can Company, Inc., Third Party Defendant.**

No. 88–C–71–B.

United States District Court, N.D. Oklahoma.

Dec. 19, 1988.

Anthony M. Laizure, Michael Parks, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Tulsa, Okl., for plaintiff.

Mark T. Koss, Hamilton & Koss, Oklahoma City, Okl., for Intervenor, Travelers Ins.

Alfred B. Knight, Knight, Wagner, Stuart, Wilkerson & Lieber, Tulsa, Okl., for E. Porter Essley Corp.

Dale F. McDaniel, Tulsa, Okl., for Niagara Machine & Tool.

James J. Proszek, Cynthia L. Hill, Hall, Estill, Hardwick, Gable, Golden & Nelson, Tulsa, Okl., for Chicago Steel.

Ray H. Wilburn, Wilburn, Masterson & Holden, Tulsa, Okl., for Chicago Steel Container.

William L. Grimm, Kelly F. Monaghan, Barrow, Gaddis, Griffith & Grimm, Tulsa, Okl., for Owens–Illinois & Peter Kiewit Sons.

## ORDER

BRETT, District Judge.

This matter comes before the Court on Defendant Chicago Steel Container's Motion to Dismiss Plaintiff's Amended Complaint. Defendant contends the Amended Complaint is barred by the statute of limitations. Also before the Court is Plaintiff's Application for an Order *Nunc Pro Tunc* changing the filing date on the Amended Complaint from June 2, 1988 to May 31, 1988.

Plaintiff was injured May 29, 1986. The Oklahoma statute of limitations allows Plaintiff to file his claim within two years. Okla.Stat. tit. 12, § 95. The Court has taken notice that May 29, 1988 was a Sunday and May 30, 1988 was a federal holiday. On May 31, 1988 Plaintiff filed an application to amend his original complaint to add Defendant Chicago Steel Container. An affidavit in the record states the attorney attached a copy of the Amended Complaint and summons to the application.

In *Eaton Corp. v. Appliance Valves Co.*, 634 F.Supp. 974 (N.D.Ind.1974), the court held:

"[I]t is this court's position that once the plaintiff has filed its proposed amended complaint accompanied by a motion for leave to amend within the statutory period, the statute of limitations is tolled even though the court order granting leave to amend and the technical filing of the amended complaint occur after the running of the statute of limitations. This is the only just and proper result since once leave to amend has been requested and a proposed complaint is on file, the plaintiff has taken those steps within his power to toll the statute and must await the appropriate court order."

This Court previously allowed the filing of the Amended Complaint under Fed.R. Civ.P. 15(a). The application filed with the Amended Complaint was timely and within the statute of limitations. Fed.R.Civ.P. 15(a) states "leave [to amend] shall be freely given when justice so requires. The Court found that in the interest of justice the amendment would be allowed.

Defendant's motion to dismiss is overruled as the application filed May 31, 1988 tolled the statute of limitations. The motion for an order *nunc pro tunc* is also overruled as the application to amend was timely filed. *Eaton Corp. v. Appliance Valves Co.*, 634 F.Supp. 974 (N.D.Ind.1984);

and *Rademaker v. E.D. Flynn Export Co.,*
17 F.2d 15 (5th Cir.1927).

A status conference is hereby set in this
case on January 5, 1989, at 1:15 P.M.

IT IS SO ORDERED.