**Pamela Jean MOORE, Plaintiff-Appellant,**

**v.**

**Fred GROSSMAN, Defendant–Appellee.**

**No. 90CA0366.**

Colorado Court of Appeals,
Div. IV.

April 25, 1991.

Rehearing Denied Aug. 29, 1991.

Certiorari Denied Feb. 3, 1992.

Olsen and Brown, John R. Olsen, Englewood, for plaintiff-appellant.

Law Offices of Taylor, McQuiston & Quigg, Douglas I. McQuiston, Aurora, for defendant-appellee.

Opinion by Judge METZGER.

In this medical malpractice action, Pamela Jean Moore, plaintiff, appeals from a summary judgment dismissing her complaint against Fred Grossman, M.D., defendant. We reverse and remand.

The plaintiff originally filed an action on June 30, 1988, against Medline Industries, Inc., the manufacturer of an allegedly defective catheter. That device had failed, allegedly causing injury to plaintiff one week after surgery had been performed upon her by Dr. Grossman.

On November 17, 1988, acting pursuant to § 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A), the manufacturer filed a motion for designation of Dr. Grossman as a non-party having fault. The trial court granted this motion on January 23, 1989.

Then, on September 20, 1989, plaintiff filed a motion to file an amended complaint, and attached thereto the amended complaint, naming Dr. Grossman as an additional defendant. A copy of the motion to amend, the amended complaint, and a summons were personally served upon Dr. Grossman at his office the following day. Thereafter, he filed a motion to quash service, and the manufacturer filed an objection to plaintiff's motion to amend the complaint.

On November 22, 1989, after a hearing, the trial court granted plaintiff's motion to amend the complaint. However, it found that the amendment was effective as of November 22, 1989, rather than September 20, 1989, the date the motion was filed. The trial court also granted Dr. Grossman's motion to quash service.

Plaintiff served Dr. Grossman with another summons and complaint on November 28, 1989.

Dr. Grossman then filed a motion to dismiss or, in the alternative, for summary judgment, asserting that plaintiff's medical

malpractice claim was barred by the two-year statute of limitations, § 13–80–102(1)(c), C.R.S. (1987 Repl.Vol. 6A). He argued that plaintiff's cause of action accrued on September 29, 1987, and that thus, the lawsuit had to be filed against him before September 29, 1989. After a hearing, the trial court granted the motion.

Plaintiff contends that the trial court erred in dismissing her amended complaint. She argues that her action in timely filing the motion to amend the complaint with the amended complaint attached, coupled with her service of these documents on Dr. Grossman the following day, was sufficient to toll the statute of limitations. We agree.

C.R.C.P. 15(a) provides in pertinent part: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed or, if the pleading is one to which no responsive pleadings is permitted and the action has not been placed upon the trial calendar, he may so amend it any time within twenty days after it is filed. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...."

This rule reflects the policy enunciated in C.R.C.P. 1(a) that the rules should be construed "to secure the just, speedy, and inexpensive determination of every action." Therefore, because the purpose of pleading is to facilitate a proper decision on the merits, the Rules of Civil Procedure should be interpreted and applied to promote these fundamental principles, and courts should reject the approach that "pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

C.R.C.P. 15(a) is identical to Fed. R.Civ.P. 15(a). Therefore, in situations such as this, in which no Colorado case has directly addressed the issue raised, case law interpreting the federal rule is persuasive. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982).

Beginning with the decision in *Rademaker v. E.D. Flynn Export Co.*, 17 F.2d 15 (5th Cir.1927), the federal courts have held consistently that if a plaintiff files a motion to amend the complaint, accompanied by an amended complaint, and serves both upon the defendant before the expiration of the statute of limitations, the statute is tolled until the trial court rules on the motion. *Conley v. Gibson, supra; Mayes v. AT & T Information Systems, Inc.*, 867 F.2d 1172 (8th Cir.1989); *Rademaker v. E.D. Flynn Export Co., supra; Sheets v. Dziabis*, 738 F.Supp. 307 (N.D.Ind.1990); *Pearson v. Niagara Machine & Tool Works*, 701 F.Supp. 195 (N.D.Okla.1988); *Longo v. Pennsylvania Electric Co.*, 618 F.Supp. 87 (W.D.Pa.1985) aff'd 856 F.2d 183, 184 (3d Cir.1988); *Chaddock v. Johns–Manville Sales Corp.*, 577 F.Supp. 937 (S.D.Ohio 1984).

This rule has also been followed in several states with procedural rules substantially similar to C.R.C.P. 15(a). *R.A. Jones & Sons, Inc. v. Holman*, 470 So.2d 60 (Fla. App.1985); *H.L.O. ex rel. L.E.O. v. Hossle*, 381 N.W.2d 641 (Iowa 1986); *Moore v. Flower*, 108 Mich.App. 214, 310 N.W.2d 336, *aff'd on other grounds*, 121 Mich.App. 235, 329 N.W.2d 35 (1982); *Allstate Insurance Co. v. Emsco Homes, Inc.*, 93 A.D.2d 874, 461 N.Y.S.2d 429 (1983); *Mauney v. Morris*, 316 N.C. 67, 340 S.E.2d 397 (1986).

In each of these instances, plaintiff, as here, was required to seek leave of court to amend the complaint, *see* C.R.C.P. 15(a), and, having filed the motion to amend and an amended complaint, plaintiff "had no control over when the Court might decide her motion." *Chaddock v. Johns–Manville Sales Corp., supra.* The rationale of these decisions was that, since the plaintiff took those steps within her power to toll the statute, and had to await a ruling by the trial court, the plaintiff should not be penalized if the trial court failed to act before expiration of the statute of limitations. We agree with this rationale. *See Eaton Corp. v. Appliance Valves Co.*, 634 F.Supp. 974 (N.D.Ind.1984), *aff'd* 790 F.2d 874 (Fed.Cir.1986).

Dr. Grossman notes that plaintiff could have commenced a separate action against him and then moved to consolidate that lawsuit with the lawsuit pending against the manufacturer. However, we do not believe that plaintiff's rejection of this approach diminishes the validity of the procedure allowed by C.R.C.P. 15(a), especially since there has been no demonstrable prejudice shown against Dr. Grossman.

In either instance, plaintiff's lawsuit against Dr. Grossman would have been initiated before expiration of the statute of limitations. Additionally, as one court observed in rejecting an argument identical to that made by Dr. Grossman here, the amendment procedure provided by C.R.C.P. 15(a) "would have promoted judicial economy by avoiding the necessity for separate trials or for plaintiff to file first a separate complaint and then a motion to join the two actions." *Mauney v. Morris, supra.*

We note that Colorado courts have scrupulously interpreted the Rules of Civil Procedure to effectuate the just, speedy, and inexpensive resolution of disputes. *See* C.R.C.P. 1. Thus, even though the precise question raised here has not been decided previously, other Colorado cases have reached a result consistent with the rationale underlying our ruling in this case.

For example, in *Mascitelli v. Giuliano & Sons Coal Co.*, 157 Colo. 240, 402 P.2d 192 (1965), the court ruled that, once a workers' compensation claimant properly files a notice to reopen his claim within the statutory period, "he is within its protective folds," and such reopening may be permitted even if the order allowing the reopening is entered after that period has run.

As well, in mechanics' lien cases, numerous decisions have held that a motion to intervene, filed within the appropriate limitation period, is sufficient to toll the statute even though the order granting intervention is entered after the limitation period has expired. *See Franklin Contract Sales Co. v. First National Bank*, 200 Colo. 370, 615 P.2d 684 (1980); *National Union Fire Insurance Co. v. Denver Brick & Pipe Co.*, 162 Colo. 519, 427 P.2d 861 (1967); *Cox v. Bankers Trust*, 39 Colo.App. 303, 570 P.2d 6 (1977); *Rogers Concrete, Inc. v. Jude Contractors*, 38 Colo.App. 26, 550 P.2d 892 (1976).

Notwithstanding Dr. Grossman's argument to the contrary, we do not believe that the decision in *King v. W.R. Hall Transportation & Storage Co.*, 641 P.2d 916 (Colo.1982) mandates a different result. There, the plaintiff, after obtaining a default judgment against one of the original defendants, amended its complaint without leave of court (in violation of C.R.C.P. 15(a)), to add 17 additional defendants. The Supreme Court affirmed the district court's dismissal of the additional claims. It held:

> "It is clear that in a situation such as the one before us, the plaintiff, having failed to seek leave of the court to add parties, proceeded at its own peril. The plaintiff's improper amendment of its complaint, and not the trial court's subsequent dismissal of improperly joined parties, caused the statute of limitations problem."

Here, in contrast, plaintiff did not violate the pertinent rules; rather, she properly sought amendment by filing a motion to amend, together with an amended complaint, and serving both upon Dr. Grossman before expiration of the statute of limitations. Therefore, because the actions of the plaintiff here conformed to the requirements of C.R.C.P. 15(a), the decision in *King*, which focuses on improper pleading practice and its consequences, is inapposite.

■ In summary, we hold that if, before the expiration of the appropriate statute of limitations, a plaintiff files a motion to amend accompanied by an amended complaint pursuant to C.R.C.P. 15(a), and if the motion, amended complaint, and summons are served on a defendant before expiration of the statute of limitations, then the statute of limitations is tolled until the trial court rules on plaintiff's motions.

Besides being consistent with rulings in other jurisdictions, we believe this holding will further the purpose and spirit of the Rules of Civil Procedure. It would be un-

fair to penalize a party who has timely and fully complied with C.R.C.P. 15(a) merely because docket congestion precluded a ruling until after the statute expired. As the court noted in *Eaton Corp. v. Appliance Valves Co., supra,* tolling the statute of limitations "is the only just and proper result since once leave to amend has been requested and a proposed complaint is on file, the plaintiff has taken those steps within his power to toll the statute and must await the appropriate court order."

The judgment is reversed, and the cause is remanded for reinstatement of the amended complaint and for such further proceedings as may be appropriate.

PLANK and ROTHENBERG, JJ., concur.