This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LOS ALAMOS NATIONAL BANK**,

Plaintiff-Appellant,

v. NO. 30,943

**SANTA FE HORSE PARK, LLC, a New Mexico Limited Liability Company, CHARLES R. KOKESH, MARLA G. KOKESH, SANTA FE VENTURE TRUST, a New Mexico Trust, REVERDY JOHNSON, or his successor in interest, trustee of the Santa Fe Venture Trust, SANTA FE VENTURE PARTNERS, LP, a California Limited Partnership**,

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara Vigil, District Judge**

The Simons Firm, LLP
Thomas A. Simons, IV
Faith Kalman Reyes
Santa Fe, NM

for Appellant

The Waggoner Law Firm, P.C.
William J. Waggoner
Daniel Sanchez
Robert M. Strumor
Santa Fe, NM

Law Offices of Christopher Carlsen
Christopher Carlsen
Santa Fe, NM

Scott M. Davidson
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff appeals an order granting Defendants' motion for relief from judgment. In this Court's notice of proposed summary disposition, we proposed to affirm. Plaintiff has filed a memorandum in opposition and a motion to consolidate this appeal with another appeal arising from the same underlying district court case. We have duly considered Plaintiff's arguments, and as we are not persuaded by them, we deny its motion to consolidate and we affirm.

**Whether It Was Error to Grant Relief from a Stipulated Judgment**

Plaintiff contends that the district court erred in addressing Defendant Santa Fe Horse Park's claims regarding the Hagerman Well water rights pursuant to a Rule 1-060(B) NMRA motion for relief from judgment. [DS 7] *See Sun Country Savings Bank of N.M., F.S.B. v. McDowell*, 108 N.M. 528, 532, 775 P.2d 730, 734 (1989) (holding that the district court did not abuse its discretion in refusing to grant a motion

2

for relief from a stipulated judgment because "Rule 1-060 was not designed nor does it permit relief from final orders when the effect of such relief would free the moving party from calculated voluntary choices and decisions previously made"). In this Court's notice of proposed summary disposition, we proposed to find no error, because although both the parties and the district court characterized the ruling as being pursuant to Rule 1-060(B), it appeared to this Court that the district court was not actually providing relief from the judgment pursuant to that rule, and instead was determining whether the Hagerman Well water rights came within the terms of the judgment. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 238, 824 P.2d 1033, 1040 (1992) (stating that a district court always retains jurisdiction to enforce and give effect to the terms of a judgment).

In Plaintiff's memorandum in opposition, it argues that this Court overlooked the terms of the stipulated judgment, which expressly incorporated two paragraphs of the complaint. [MIO 2-3] We clearly did not overlook these provisions, as we quoted them in our notice of propose summary disposition. The stipulated judgment provides that "[j]udgment of foreclosure is hereby entered on the mortgage held by [Plaintiff] as referred to in . . . Plaintiff's Complaint . . ., and providing a sale of the property as described in Paragraphs 14 and 15 of the Complaint and the Mortgage." [RP 206] Paragraphs 14 and 15 of the complaint state that the mortgage is a valid lien on the

described real property and that "[o]n information and belief, the property includes wells, water rights, and various contracts and/or options to purchase water or water rights, all of which are subject to the LANB mortgage and the other agreements between LANB and the non-lienholder Defendants." [RP 3]

Plaintiff's memorandum does not persuade us that we have misinterpreted these provisions. The stipulated judgment is clear that "[j]udgment of foreclosure is hereby entered on the mortgage . . . ," such that the foreclosure would only warrant a sale of that property that was subject to the terms of the mortgage. [RP 206] Nothing about the judgment reflects an intention to provide Plaintiff with any interests beyond its interest in the property covered by the mortgage, and Paragraph 15 of the complaint only states that on "information and belief" certain water rights were subject to the mortgage. [RP 3] We do not read this paragraph to express a conclusion that the Hagerman Well water rights were in fact subject to the mortgage. Instead, we read it to mean that the agreement between the parties was that the mortgage was to be foreclosed and that the terms of the mortgage might encompass certain water rights. Plaintiff appeared to recognize that the language of the stipulated judgment did not constitute an agreement that the Hagerman Well rights were subject to the mortgage, since, in the district court, Plaintiff stated that "Para[graph] 15 of the Stipulated Judgment . . . merely acknowledges the possibility that water rights and wells may be

4

among the 'rights' and 'appurtenances' enumerated in the mortgage [RP 286 (emphasis in original)], and Plaintiff repeatedly stated that the stipulated judgment provided that the Hagerman Well rights "may" be subject to the mortgage. [RP 259, 284, 285] As there was a dispute between the parties about whether the Hagerman Well rights were in fact subject to the mortgage, and as the stipulated judgment did not expressly resolve this dispute, the district court could determine, without resort to Rule 1-060(B), whether the Hagerman Well rights were subject to the mortgage as part of its determination of whether the judgment of foreclosure on the mortgage included those rights. The district court did not grant relief from the stipulated judgment and instead interpreted the terms of the stipulated judgment so that it could be properly effectuated.

**Whether the Hagerman Well Water Rights Were Included in the Mortgage**

Plaintiff contends that the district court erred in concluding that the Hagerman Well water rights were not encompassed by that portion of the mortgage that states that Santa Fe Horse Park "assigns, . . . as additional security all the right title and interest in . . . and all rights . . . that in any way pertain to or are on account of the use or occupancy of the whole or any part of the Property." [DS 9] In our notice of proposed summary disposition, we proposed to conclude that Plaintiff's excerpted language was somewhat misleading and that a reading of the relevant provisions in

full indicated that the assignment was of "rents, issues and profits" that would entitle Plaintiff as assignee to income and profits from the property. We proposed to conclude that neither a right to purchase water rights in the future nor the water rights themselves, once purchased, would come within a reasonable reading of the mortgage's terms for assignment of rents, issues, and profits.

Plaintiff's memorandum in opposition argues that the Court has improperly relied on the heading of the relevant section of the mortgage, in violation of another provision that states that headings are not to be used to interpret the terms of the mortgage. [MIO 4] Plaintiff is incorrect. Although our notice included the heading when quoting the language of the section regarding assignments of rents, issues, and profits, the text of the section itself indicates that it covers assignment of "rents, issues and profits." [RP 1109] We have relied on the text, and not the heading for our interpretation.

Plaintiff argues that we have also interpreted the section on assignments of rents, issues, and profits too narrowly. [MIO 5] We disagree. The general rule is that while appurtenant water rights will be automatically conveyed with the land unless the grantor reserves them, water rights that are not appurtenant must be expressly conveyed. *See Hydro Res. Corp. v. Gray*, 2007-NMSC-061, ¶¶ 23-24, 143 N.M. 142, 173 P.3d 749. As we pointed out in our notice of proposed summary disposition,

6

Plaintiff has abandoned its argument that the Hagerman Well water rights—which were conveyed along with a separate parcel of land that was purchased after the mortgage at issue in this case [RP 1175-79, 1181-82]—were appurtenant to the land that was subject to the mortgage here. Since Plaintiff does not argue that the rights were automatically conveyed because they are appurtenant to the land, we presume the rights are not appurtenant and that they therefore would have to be expressly listed in the mortgage in order to convey them to Plaintiff. As we pointed out in our notice of proposed summary disposition, Plaintiff cited no authority to suggest that a broad reading of a clause in a mortgage assigning "rents, issues, and profits" derived from the use or occupancy of a property should be read to encompass water rights. Where a party cites no authority in support of an argument, this Court may presume that there is none. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). We decline to read the provisions regarding rents, issues, and profits to constitute an express conveyance of the Hagerman Well rights.

**The Terms of the District Court's Order**

Plaintiff contends that the district court erred in its conclusion that "[o]wnership of water rights is governed by the New Mexico Constitution and a separate body of law and procedure," and that the district court was required to apply the law governing mortgages and contracts. [DS 10] In our notice of proposed summary disposition, we

7

proposed to conclude that even if the district court's statement was erroneous, it would not constitute reversible error, since Plaintiff failed to demonstrate any error in the substance of its ruling. *See In re Estate of Heeter,* 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992) ("On appeal, error will not be corrected if it will not change the result.").

In response, Plaintiff argues that the district court should not have applied water law principles at all, and should have only interpreted the terms of the mortgage. [MIO 7] We disagree with Plaintiff's assessment of whether the district court should have made its decision with reference to water law principles, first, because the issue involved the ownership of water rights, and second, because, although it has abandoned this argument on appeal, Plaintiff expressly asked the district court to conclude that the water rights were appurtenant to the land that was subject to the mortgage. [RP 1230 (asking the district court to conclude that the Hagerman Well water rights were "appurtenances")] Furthermore, even if the district court had done as Plaintiff now suggests and just considered the terms of the mortgage without reference to water law principles, as we have explained, the terms of the mortgage do not convey the Hagerman Well water rights. Accordingly, we find no reversible error based on this statement.

**Assignment to the General Calendar**

Plaintiff asserts that our notice of proposed summary disposition perpetuates several errors, and asks this Court to assign the case to the general calendar so that the Court may benefit from "the analysis provided to the Court in briefing on the General Calendar," and so that the Court can engage in a "broader examination of the underlying facts." [MIO 7-8] Plaintiff misunderstands its obligation on appeal. Plaintiff cannot file a docketing statement and a memorandum in opposition that do not provide a complete analysis of the facts and law and then request that the case be assigned to the general calendar so that it may do so. We have read the record carefully, and once this Court filed its notice of proposed summary disposition and Plaintiff had access to the record proper, we presume that Plaintiff also did so in order to make its best arguments on appeal. We note that Plaintiff's memorandum in opposition contains no citations to the record proper and contains only two citations to legal authority—both of which were included in its docketing statement and therefore had already been considered by this Court. If Plaintiff had facts, analysis, or legal authority that it believed would have persuaded this Court to reverse the district court, it was required to present them in its docketing statement, and then certainly in its memorandum in opposition once it had been alerted to this Court's proposed analysis and had access to the full record proper. *See State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 15, 129 N.M.

9

151, 3 P.3d 128 (noting that the docketing statement takes the place of full briefing when a case is decided on the summary calendar); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (stating that once this Court issues a notice of proposed summary disposition, "[o]ur courts have repeatedly held that . . . the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

Plaintiff also asks this Court to assign this case to the general calendar because another appeal arising from the same district court case has been assigned to the general calendar. [Supp. Response in Opp. to Proposed Summary Disposition and Mot. to Consolidate] We decline to do so at this point, where we have already issued a notice of proposed summary disposition and Plaintiff's memorandum in opposition does not persuade us that our proposed disposition is incorrect. As the two appeals raise separate issues and as we can dispose of the issues raised in this appeal summarily, the appeals need not be decided together.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

10

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**