This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CARMEN WILSON, f/k/a**
**CARMEN HUMPHREY,**

    Plaintiff-Appellant,

v.                                **No. 32,081**

**BOARD OF COUNTY COMMISSIONERS**
**OF SANDOVAL COUNTY,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Carmen I. Wilson
Jemez Springs, NM

Pro Se Appellant

Law Office of Jonlyn M. Martinez, LLC
Jonlyn M. Martinez
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     After a four day trial, the jury determined that Defendant, the Board of County Commissioners of Sandoval County, was not negligent, contrary to Plaintiff Carmen Wilson's claim that it was.  Plaintiff fell into a dumpster at Defendant's dump station, the Cañon Convenience Center, when throwing trash into the dumpster from her pickup truck.  The case was fully tried, and both parties were represented by counsel in the district court proceedings.  Plaintiff appeals, pro se, from the judgment dismissing her case with prejudice.  She contends that the court erred with respect to jury instructions and evidentiary rulings.

{2}     Plaintiff's appellate points and argument suffer in varying degree from a lack of clarity.  We read four of her five points to be that the court erred (1) in giving and denying certain jury instructions, depriving her of a fair trial; (2) in failing to resolve a foundational issue of law, and failing to carry through with instructions on the law to be applied to the facts; (3) in allowing evidence in violation of the collateral source rule, thereby depriving her of a fair trial; and (4) in allowing hearsay and denying relevant evidence, denying her a fair trial.  We read her fifth point to be that the jury's verdict was unsupported by substantial evidence.

{3}     Before reaching Plaintiff's arguments, we note that our review of the appeal is hampered by her deficient briefing.  Problematic from start to finish in Plaintiff's briefing is her substantial disregard for appellate rules and briefing requirements.  To

begin with, throughout Plaintiff's brief-in-chief and reply brief, she fails to comply with the requirement in Rule 12-305(C)(1) NMRA of fourteen point or larger font. Further, contrary to Rule 12-213(A)(4) NMRA, Plaintiff fails to set out an applicable standard of review for the issues she raises, to cite to the record for the facts, testimony, argument, and circumstances she draws on to support her appellate arguments, and fails, in regard to each issue raised, to demonstrate preservation.

{4} Preceding her summary of proceedings, Plaintiff sets out three pages of background, containing the factual circumstances of the occurrences at the convenience center without a single citation to the record. Her summary of proceedings does not comply with Rule 12-213(A)(3), but instead consists of her unsupported characterizations of selected parts of her testimony and the testimony of several witnesses, her concerns about the dismissal of jurors, instructions to which she claims she objected, and selected closing argument statements. Additionally, the summary of proceedings is deficient as to cites to the record proper or transcripts of the proceedings. *See id.*

{5} Several of Plaintiff's arguments lack the clarity needed to facilitate understanding of her points. Contributing to the lack of clarity is the fact that in the limited instances in which Plaintiff has cited case law as authority for an issue, she fails to provide pinpoint cites and parentheticals showing where in the case we are to

locate support for her point or explaining in what manner the case supports the points of error that she is raising. Further exacerbating the lack-of-clarity issue is the fact that Plaintiff selected for transcription for appeal only selected portions of the proceedings, precluding inclusion of the substance of evidence bearing on propositions she has advanced in violation of Rule 12-213(A)(3).

{6}     The rule violations and other serious inadequacies in Plaintiff's briefing are too egregious to overlook, and on that basis alone, we are under no obligation to consider her points and arguments that she raises on appeal. *See* Rule 12-213(A)(3), (4); *Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819 (holding that where a party fails to cite any portion of the record to support its factual allegations, an appellate court need not consider its argument on appeal); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that appellate courts presume the district court is correct and the burden is on the appellant to clearly point out how the district court erred); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court will not consider unclear or undeveloped arguments); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022,

¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."); *In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990 ("This [C]ourt will not search the record to find evidence to support an appellant's claims."); *Woolwine v. Furr's Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."); *see also Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (explaining that in regard to compliance with briefing requirements, we treat pro se parties no differently than we treat parties represented by lawyers).

{7}     Notwithstanding these deficiencies, and although Plaintiff's briefs leave us under no obligation to do so, we proceed to examine the issues raised by Plaintiff. In so doing, we do not attempt to supply the critical missing links by searching the record on Plaintiff's behalf or by making arguments for her. Rather, we show that even considering the merits of Plaintiff's points as she has presented them, we nevertheless affirm the district court's judgment.

**I.     INSTRUCTIONS**

5

**{8}**    Plaintiff complains that the court failed to present the complete general instructions for slip and fall cases, improperly presented hypothesized facts in the jury instructions, failed to include the res ipsa loquitur instruction Plaintiff requested, and failed to provide a brief set of instructions upon which the parties agreed.

**A.    The District Court's Instruction No. 14**

**{9}**    Plaintiff appears to complain about the court having changed UJI 13-1318 NMRA (slip and fall) in giving an instruction on Defendant's duty.  Plaintiff's sole reference to the record is to the court's Instruction No. 14 regarding the duty that an owner of a premises owes a visitor.  That instruction, as given, reads:

> An owner owes a visitor the duty to exercise ordinary care to keep the premises safe for the visitor's use.  This duty applies whether or not a dangerous condition is obvious.  In performing this duty, the owner is charged with knowledge of any condition on the premises which was caused by the owner or its employees.

**{10}**    Plaintiff states that she was "severely prejudiced by the omission of the [c]ourt to clearly notify the [j]ury of the duty of [Defendant] to keep the premises safe for the Plaintiff's use whether or not a dangerous condition is obvious, and charge[d] [Defendant] with knowledge of any condition that it would have discovered upon reasonable inspection."  She continues:

> Failure in the duty to keep the premises safe constitutes evidence of primary negligence on the part of . . . Defendant. Without complete and unobstructed instruction that . . . Defendant's duty applies, whether the hazard is obvious and whether [Defendant] has notice, Plaintiff is

6

deprived of an important part of the theory that . . . Defendant was negligent.

{11} It appears that Plaintiff's sole point of error is that the court did not include bracketed language in the uniform instruction saying that Defendant was charged with knowledge of any condition that it would have discovered upon reasonable inspection and that this deprived Plaintiff of a theory of her case. *See* UJI 13-1318 (stating in part that "the owner . . . is charged with knowledge of any condition on the premises of which the owner . . . would have had knowledge had . . . it made a reasonable inspection of the premises or which was caused by the owner . . . or its employees" (alterations omitted)).

{12} We hold that Instruction No. 14 fairly presents the issues and adequately covers Plaintiff's theory of negligence and the law to be applied. Plaintiff does not provide a persuasive explanation of why the added language would have made a significant difference in her theory, why she was prejudiced by the omission of the bracketed language in regard to inspection, or why the omission caused a fundamentally unjust result. *In re Convisser*, 2010-NMSC-037, ¶ 24, 148 N.M. 732, 242 P.3d 299 (recognizing that "an assertion of prejudice is not a showing of prejudice"); *Vigil v. Miners Colfax Med. Ctr.*, 1994-NMCA-054, ¶ 19, 117 N.M. 665, 875 P.2d 1096 (noting that "absent prejudice, minor deviations [from] . . . Uniform Jury Instructions [do not constitute] reversible error").

**{13}** Nor does Plaintiff set out how the facts in this case necessitated this additional language. We cannot say that the court erred in determining that the bracketed language was not applicable in this case. *See Kirk Co. v. Ashcraft*, 1984-NMSC-065, ¶ 11, 101 N.M. 462, 684 P.2d 1127 ("It is not error to deny requested instructions when the instructions given adequately cover the law to be applied."); *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 16, 125 N.M. 748, 965 P.2d 332 (stating that jury instructions are to be read as a whole and when they fairly present the issues and the applicable law in light of the evidence presented at trial, they are sufficient); *Gutierrez v. Albertsons, Inc.*, 1991-NMCA-135, ¶ 17 n.1, 113 N.M. 256, 824 P.2d 1058 (recognizing that jury instructions not objected to become the law of the case).

**B.      The District Court's Alleged Hypothesizing of Facts in Jury Instructions**

**{14}** Plaintiff points to Instruction No. 7, paragraph 4 as impermissibly being "modified to hypothesize without any evidence." The instruction as to which Plaintiff complains substantially tracks the language of UJI 13-302A to 13-302D NMRA. *See id.* (exemplifying the manner in which the statement of issues may be presented to the jury).

**{15}** Plaintiff implies that the court erroneously failed to give the uniform instruction as written, but she fails to identify any particular deficiency, and she fails to explain why any alleged deficiency or alleged modification in the uniform instruction made

8

or would have made a significant difference in the outcome in this case or how the instruction, as given, caused an unjust result. Nor does she show how she was prejudiced. *See Vigil*, 1994-NMCA-054, ¶ 19 (noting that "absent prejudice, minor deviations [from] . . . Uniform Jury Instructions [do not constitute] reversible error"). In sum, Plaintiff's argument fails to demonstrate a basis for reversal.

**C.      The District Court's Alleged Failure to Include Plaintiff's Requested Jury Instruction**

{16}     Plaintiff asserts that the court erred in refusing her "tendered jury instruction that included the [r]es [i]psa [l]oquitur that allows . . . Plaintiff to meet [her] burden of proof[,]" claiming that this constituted a theory of her case and that she "was severely prejudiced" by the refusal. Plaintiff's argument is not clear. Plaintiff fails to explain why refusal of a res ipsa loquitur instruction was error, was prejudicial to her case, or caused a fundamentally unjust result; nor does she set out how facts in the case necessitated the instruction. We decline further review of Plaintiff's unclear and inadequately developed res ipsa loquitur argument. *See Headley*, 2005-NMCA-045, ¶ 15 (stating that this Court will not consider unclear or undeveloped arguments).

**D.      The District Court's Alleged Failure to Provide a Brief Set of Instructions Upon Which the Parties Agreed**

{17}     Plaintiff complains that the court erroneously allowed changes and modifications to jury instructions and allowed additional instructions over Plaintiff's

9

objections, and that "the 'agreed to' jury instructions were completely obscured." She also complains that she was not "provided the opportunity to properly object[.]" Plaintiff fails to set out any facts, proceedings, arguments, objections, or circumstances to support her assertions. It is entirely unclear what Plaintiff means in her bold heading statement that the court failed to provide a brief set of instructions upon which the parties agreed, and she fails to provide any argument or authority clarifying and supporting her broad-scale attack on the court's manner of settling instructions. We do not attempt further review of Plaintiff's unclear argument in this regard. *See id.*

## II. Plaintiff's Argument that Questions of Law Must be Determined by the Court

{18}     Plaintiff's point on appeal titled "questions of law must be determined by the court" attacks the court's allowance of Defendant's questioning of witnesses and arguments in regard to the applicability of 29 C.F.R. § 1910 (2012) to the Cañon Convenience Center operated by Sandoval County. *See* Occupational Safety and Health Standards (OSHA), 29 C.F.R. § 1910.1 (2012) (stating the purpose and scope of Part 1910 of Title 29 of the Code of Federal Regulations). Plaintiff attacks the court's "fail[ure] to decide or provide instruction to the jury on these questions of law." She complains that Defendant presented argument and evidence that was "reasonably calculated with the sole purpose of bringing the jury issues of law that are

10

outside the role of the jury to decide." She asserts that Defendant presented "testimony [that] was extremely prejudicial, confusing, and misleading to the jury as supported by the post-trial interviews where several members of the jury stated that they felt that federal safety guidelines in OSHA did not apply to Sandoval County in general and the convenience center specifically." She argues that the improper arguments and improper use of the evidence improperly influenced the jury verdict and constituted reversible error. Plaintiff faults the court for not deciding issues in regard to the application of federal and state safety laws as questions of law, not fact.

{19} Plaintiff's sole citation to the record is to a single, innocuous statement of Defendant's counsel during questioning of an expert witness. Other than to assert that the applicability of the safety laws was a question confined to the court and not the jury, Plaintiff does not provide record citations to the testimony, argument, and rulings that, in her view, improperly influenced the jury verdict. Apparently in support of her allegation of prejudice, Plaintiff refers to the not-of-record post-verdict interviews with jurors. *Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 36, 140 N.M. 395, 142 P.3d 983 (recognizing that "[t]his Court will not consider and counsel should not refer to matters not of record in their briefs" (internal quotation marks and citation omitted)).

11

**{20}** We decline further review of Plaintiff's inadequately supported and undeveloped argument regarding the applicability of OSHA, its applicability in this case, and any alleged OSHA-related error made by the district court. Proper review of this issue would require this Court to search the record for evidence of error, to develop Plaintiff's arguments for her, and to rule upon the argument that we had developed; this we will not do. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (explaining that the appellate court will not rule on an inadequately briefed issue that would require the appellate court do an appellant's work for them by developing arguments on their behalf because doing so would strain judicial resources and lead the court to promulgate case law based on our own speculation of what a party's argument might be rather than the parties' carefully considered arguments).

## III. Plaintiff's Collateral Source Argument

**{21}** Plaintiff complains that the district court improperly allowed evidence regarding outside financial sources in violation of the collateral source rule. *See Sunnyland Farms, Inc. v. Cent. N.M. Elec. Co-op., Inc.*, 2013-NMSC-017, ¶ 48, 301 P.3d 387 ("The classic statement of the collateral source rule is that compensation received from a collateral source does not operate to reduce damages recoverable from a wrongdoer." (alteration, internal quotation marks, and citation omitted)). She argues

12

that the evidence was "misleading, and severely prejudicial against [her] as supported by post[-]trial statement by the jurors that they felt . . . Plaintiff was misleading the jury about the damages." She also ascribes improper motivation on the part of the defense in getting into the collateral sources in closing argument, contending that the purpose of doing so was to get the jury to feel that Plaintiff was misleading the jury about the damages.

{22}    Plaintiff does not cite to Defendant's closing argument. Nor does she provide any evidence of the not-of-record post-trial discussions with jurors. *See Rangel*, 2006-NMCA-120, ¶ 36 (stating that "counsel should not refer to matters not of record in their briefs" (internal quotation marks and citation omitted)). She does not explain in what manner the evidence was improperly admitted, nor does she provide authority to support her position. Moreover, she fails to adequately show how the evidence improperly prejudiced her case. Plaintiff merely relies on an unsupported assertion that "[t]he improper use of such evidence is, by definition, reasonably calculated to improperly influence the verdict."

{23}    Plaintiff's argument, unsupported by authority or by citations to the record proper, and failing to demonstrate prejudice, provides no basis for reversal. *See In re Convisser*, 2010-NMSC-037 ¶ 24 (noting that "an assertion of prejudice is not a showing of prejudice"); *Headley*, 2005-NMCA-045, ¶ 15 (recognizing that "we have

13

no duty to entertain arguments when facts are cited without citation to the record, and no authority is presented in support of an argument").

## IV. Plaintiff's Arguments Related to the Rules of Evidence and the Sufficiency of the Evidence

{24} We will do our best to attempt an understanding of Plaintiff's arguments with respect to her remaining points on appeal. We note in advance that Plaintiff concludes her discussion of these arguments with the following, which appears to encapsulate what she is attempting to get across.

> In determining whether these errors committed by the trial court are NOT harmless, the Court of Appeals looks at three things: (1) the verdict IS NOT supported by substantial evidence without reference to the improperly admitted evidence; (2) there IS NOT a disproportionate amount of permissible evidence that the improperly admitted evidence appears minuscule in comparison; and (3) there IS substantial conflicting evidence to discredit the permissible evidence.

Plaintiff does not cite any authority in support of this statement. And she fails to interweave into her arguments her view of what we look at in a substantial evidence appeal in order to attempt to persuade us that the district court committed reversible error. We shall briefly identify each of these unclear and undeveloped arguments as we interpret them from Plaintiff's brief.

## A. Plaintiff's Argument as to Improper Admission of Hearsay Evidence

{25} Plaintiff asserts that the district court erred in allowing two defense witnesses, Robert Sanchez and Paul Martinez, to provide hearsay evidence regarding the

14

accident, the condition of the convenience center in question and its similarity to another waste site, the Conejo Convenience Station in Valencia County. Plaintiff does not explain in what manner the evidence was inadmissible hearsay and in what manner she was prejudiced by the evidence and therefore did not receive a fair trial, as such, we decline further review of this issue. *See Headley*, 2005-NMCA-045, ¶ 15 (recognizing that this Court has no duty to entertain unclear arguments and arguments for which the appellant has failed to provide authority).

**B.     Plaintiff's Argument as to Improper Denial of Evidence**

{26}     Plaintiff apparently unsuccessfully attempted to have the jury consider "relevant evidence" and "critical evidence" of a Valencia County court case involving the site about which Sanchez and Martinez testified. Plaintiff does not explain in what manner the excluded evidence was critical evidence, she does not address the basis for the court's ruling, nor does she demonstrate how she was prejudiced by the court's ruling or why the alleged error deprived her of a fair trial. We will not review Plaintiff's undeveloped argument. *See id.*

**C.     Plaintiff's Argument That Defendant Denies That It Was Negligent and States That Plaintiff Caused Her Own Injuries When She Opened the Tailgate of Her Vehicle**

{27}     It appears that Plaintiff's argument is that Defendant's only witness, Russell Crockett, testified that he failed to perform his own duties, including the duty of

spotter/attendant, to ensure public safety and that, if he had done so, Plaintiff would not have parked as she did, which was too close to the dumpster to safely open the tailgate of her truck. Plaintiff sets out a few lines of Crockett's deposition testimony and some of the testimony of Sanchez about Crockett's duties to prove the point.

{28} It is impossible to determine how Plaintiff gets from the testimony she sets out to the assertion that Defendant's evidence did not support the verdict. Our reading of the testimony that Plaintiff sets out does not raise a reasonable inference that the evidence in any way precluded a jury determination that Defendant was not negligent. Moreover, Plaintiff does not explain how the testimony supports an argument of insufficient evidence or denial of a fair trial. Plaintiff's undeveloped argument does not demonstrate a basis for reversal. *See id.*

**D.     Plaintiff's Argument That Defendant Denies That Any Other Convenience Centers in New Mexico Follow Standards to Protect the Public**

{29} This argument is unclear. She appears to argue that Defendant's evidence, position, and argument relating to other convenience centers and lack of notice of any hazard was such that (1) she was not given any opportunity to rebut it, and (2) that Defendant had a duty to Plaintiff whether or not a dangerous condition was obvious. Plaintiff does not explain how she did not have or receive an opportunity to rebut the evidence and argument, nor does she explain how her view of duty has any relevance

16

or logical or rational relationship to whatever her point is intended to be. Plaintiff's unclear and undeveloped argument does not demonstrate a basis for reversal. *See id.*

**E.      Plaintiff's Argument That Defendant States That Sandoval County Convenience Stations Are Not Required to Follow the Safety Laws in 29 C.F.R. § 1910**

{30}      Plaintiff refers to a motion in limine filed by Defendant "in regard[] to allowing photos of Conejo Convenience Station to the objection of . . . Plaintiff" and sets out what she represents, with no citation to the record, to be a transcript involving testimony and discussion between counsel and the district court in regard to an OSHA regulation and its application to convenience centers. Plaintiff does not explain how anything she sets out shows any conceivable error. As such, Plaintiff's argument provides no basis for reversal. *See Elane Photography*, 2013-NMSC-040, ¶ 70 (stating that the appellate court will not make arguments on behalf of the appellant or guess at what a party's argument might be).

**CONCLUSION**

{31}      We affirm the judgment of the district court.

{32}      **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

17

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**